Patterson and Another *v.* Prior.

HARVARD
LAW SCHOOL
LIBRARY

———————— ◄►◄ ————————

PATTERSON and Another *v.* PRIOR.

The conviction and sentence of a person to confinement in the penitentiary, by a Court having no jurisdiction, are nullities, and can afford no protection to any persons keeping him in confinement.

Persons holding him in confinement are presumed to know the law, and that they had no legal right to imprison him.

The person so imprisoned, as against any one to whom some benefit has accrued by reason of his imprisonment, may waive the tort, and sue him upon the implied assumpsit.

Patterson and Another *v.* Prior.

But the rule is different as to any person who was a party to his confinement, to whom no benefit accrued by reason thereof; because as to him there would be no consideration to support an implied assumpsit.

APPEAL from the *Clark* Circuit Court.

WORDEN, J.—Suit by *Prior* against the appellants, for work and labor. Judgment for the plaintiff.

The defendants pleaded separately the general denial, and some special defences, to the latter of which demurrers were sustained. We deem it unnecessary to examine the special answers, as it seems to us that the substantial facts thus set up could have been given in evidence under the general denial. The cause was submitted to the Court for trial on the following agreed statement of the facts, which was all the evidence given in the cause, viz:

"It is agreed in this case, that the plaintiff, said *James Prior*, was imprisoned in the State Prison, in the custody of said *Miller*, as warden thereof, under and by virtue of a judgment of the Court of Common Pleas of *Vanderburgh* county, a certified copy of which judgment is filed with defendant's answer. That during his confinement he did work and labor as a criminal; said work and labor were of the value of 225 dollars; said *Patterson*, during all the time of said *Prior's* confinement in said State Prison, was the lessee thereof, and said work and labor were done by the order of said *Miller*, and said *Patterson* received all the benefit of said labor as such lessee. The time of said *Prior's* confinement commenced on the 12th of *September*, 1853, and he was discharged therefrom, and ordered to be returned to the sheriff of *Vanderburgh* county upon a writ of *habeas corpus*, by him sued out on the first day of *January*, 1855."

The question as to the sufficiency of the evidence to sustain the finding was properly presented on a motion for a new trial.

The appellants assign errors separately.

At the time the appellee was convicted and sent to the penitentiary, the Court of Common Pleas had no jurisdiction in that behalf; hence, the conviction and judgment were nullities, and furnish the appellants no protection for the tort committed in confining him in the penitentiary. *Patterson* v. *Crawford*, 12 Ind. 241. The appellants must be presumed to have known the law, and that they had no legal right to imprison the appellee, or cause him to labor. That they may have been responsible to him in some form can not be doubted. They undoubtedly committed a tort, and the question here is, whether the tort can be waived, and an action maintained on an implied assumpsit?

We will first examine this question so far as it relates to *Patterson*. He, it seems, was the lessee of. the penitentiary, and received all the benefit of the appellant's labor. He must be presumed to have assented to the performance of the labor, and being benefitted thereby, the law implies a promise to pay what it is reasonably worth. It was held in *Patterson* v. *Crawford*, *supra*, that where labor is performed for the benefit of a party without an express contract, if he knows it, and tacitly assents to it, he will be liable on an implied contract to pay a reasonable compensation therefor. In our opinion, so far as *Patterson* is concerned, the tort may be waived, and an action be maintained on the implied assumpsit. The case, however, is entirely different as to *Miller*, the warden of the penitentiary. He received no benefit of the plaintiff's labor, and not having been benefitted, there is, as to him, no consideration to support an implied assumpsit to pay. The case of *Webster et al.* v. *Drinkwater*, 5 Greenl. R. 275, is much in point, where it was held, that "the party committing a tort can not be charged as upon an implied contract, the tort being waived, unless some benefit has actually accrued to him."

*Per Curiam.*—The judgment against *Miller* is reversed, and

against *Patterson* it is affirmed. Costs to be apportioned between *Patterson*, and *Prior*, the appellee.

*R. Crawford*, for the appellee.