No. 7941.

## WEBB *v.* CARR, TRUSTEE.

HIGHWAY.—*Gateway.*—*Act of* 1852.—*Board of Commissioners.*—A highway laid out by the board of commissioners of a county in 1835, and used by the public and worked and controlled by the road supervisor, could not be changed into a gateway by order of the board of commissioners in 1859, such authority being vested exclusively in the township trustees by the act of June 17th, 1852, 1 R. S. 1852, p. 307.

SAME.—*Act of* 1859.—*Saving Clause.*—In such case the petition presented to the commissioners at the June term, 1859, and granted, was not saved by the saving clause of the act of March 5th, 1859, Acts 1859, p. 113, in force August 6th, 1859, so as to authorize an order of the board at the September term, 1859.

JUDGMENT.—*Jurisdiction.*—A judgment rendered in a case where the court has no jurisdiction of the subject-matter is of no validity whatever.

From the Decatur Circuit Court.

*J. S. Scobey* and *D. Watts,* for appellant.

*J. D. Miller* and *F. E. Gavin,* for appellee.

ELLIOTT, C. J.—Appellant was sued for unlawfully obstructing a public highway, and judgment was entered against him.

The questions presented to us arise upon appellant's exceptions to the conclusions of law stated by the court upon a special finding of facts made at the request of the parties. The facts may be thus summarized: In January, 1835, the board of commissioners of Decatur county laid out the highway obstructed by the appellant, and from that time until the year 1860 it was used as a public highway; in the spring of the year 1860 a gate was placed across it and remained there until 1878; that the road was used by the public after the erection of the gate, as it had been before, and it was worked and controlled by the road supervisor as one of the highways of the township. In June, 1859, a petition was presented to the board of commissioners asking that the said highway should be changed into a gateway; three viewers were appointed, one of whom was one of the petitioners, William J.

Robinson; the viewers reported at the September term following their appointment, and the commissioners adopted the report and directed that the change be made; that the appellant did obstruct the highway by erecting a fence across it on the 13th day of May, 1878.

The court stated as conclusions of law: (1) That the order of the commissioners changing the highway to a gateway is void. (2) That the road is a public highway. (3) That the appellee is entitled to recover.

Counsel for appellant contend that there was no public highway, because it does not appear that the board of commissioners had jurisdiction to make the order. We do not deem it necessary to inquire whether the board did or did not have jurisdiction, for the highway had been uninterruptedly used by the public for more than thirty years. Independently of any order of the board of commissioners, the public had acquired a right to the highway; for user for the requisite length of time gives a right as effectually as an adjudication of the commissioners' court, or the express grant of the owner of the fee.

There is no force in the appellant's argument that the appellee, having shown an express order of the board of commissioners, has no right to claim by prescription. The theory upon which the doctrine of prescription rests is that there was an original right or express grant. Proving an attempt to make an express grant does not weaken the presumption arising from lapse of time.

The only act authorizing the change of public highways to gateways was that of June 17th, 1852. In that act authority was conferred to make changes in highways and to permit gates to be placed across them. 1 R. S. 1852, p. 314. The authority was exclusively vested in township trustees; none at all was conferred upon the commissioners of the county. On the 5th day of March, 1859, an act was passed repealing the provisions of the act of 1852 upon this subject, but it did not take effect until August 6th, 1859. A saving clause was in-

corporated in the act of 1859, which reads as follows : " Saving all suits and proceedings heretofore commenced and now pending under said sections before the various boards of township trustees within this State, and said suits and proceedings are hereby transferred to the boards of commissioners in the various counties where the same are pending, and said boards of commissioners shall have jurisdiction thereof." It is obvious that this clause did not save the proceedings relied upon by the appellant, because they were not pending before the board of township trustees. They were instituted in the wrong tribunal. The proceedings before the commissioners were utterly void,. because they had no jurisdiction of the subject-matter. A judgment rendered in cases where the court has no jurisdiction. of the subject-matter, is of no validity whatever.

Judgment affirmed.

Petition for a rehearing overruled.