## GREER V. CRITZ.

### Decided May 10, 1890.

1. *Hiring convicts—Authority of county judge in vacation.*

    A county judge in vacation has no authority to hire out a county convict to work out his fine, and a convict may recover of the hirer the value of services rendered under such attempted hiring.

2. *Hire of county convicts—Is act of March 10, 1877, repealed?*

    *Semble,* that the act of March 10, 1877, providing for the employment and hiring of county convicts, is repealed by the act of March 22, 1881, as amended by the act of March 13, 1883.

APPEAL from *Prairie* Circuit Court, Northern District.

M. T. SANDERS, Judge.

*W. R. Coody* for appellant.

Reviews the different acts concerning the hiring of convicts, and contends that under the act of 1877 the county judge could make a valid contract for the hire of convicts,

and that this act has not been repealed by any of the subsequent acts. Mansf. Dig., secs. 1213, 1214, 1226, 1245, 1237, 1227 to 1230, etc.; 37 Ark., 437.

Acts upon the same subject are construed together. 5 Ark., 349; 3 Ark., 556. Repeals by implication only arise when there is plain repugnancy between the acts. 41 Ark., 149; 34 Ark., 499; 23 Ark., 304.

The appellee *pro se.*

The county judge in vacation had no authority or power to make the contract with appellant. It could only be done by the county court. Mansf. Dig., sec. 1326; 37 Ark., 437.

HUGHES, J. On the 3d of January, 1888, the appellee sued appellant in the White county circuit court for one hundred and sixty-three dollars and seventy-five cents for work and labor done by appellee for appellant. Appellant answered; denied his indebtedness to appellee; and the cause, upon the application of appellant, was removed to Prairie county. On September 5, 1888, appellee amended his complaint, claiming $469.57 for his work and labor. Appellant answered the amended complaint, and denied any indebtedness to appellee; and alleged that appellee was convicted, by a justice of the peace of White county, of the crime of petit larceny, and that, under a contract with the county judge of said county, appellee was delivered to him to work out his fine and imprisonment at fifty cents per day; that said convict worked for appellant till the 3d of August, 1887, when they had a full settlement, and appellee was paid for the time he worked after he had worked out his fine and imprisonment as a convict, and that he gave a receipt in full therefor. He exhibited the contract with the county judge, and his bond for the performance thereof. Appellee demurred to appellant's answer, and the demurrer was overruled.

The cause was submitted to a jury upon the evidence, and a verdict was returned for the plaintiff in the sum of one hundred and ninety dollars, and judgment was rendered thereon for that amount.

Appellant moved for a new trial on the grounds: 1st, that the court erred in excluding as evidence the contract of the appellant with the county judge for the hire of the plaintiff; 2d, because the court erred in permitting plaintiff to testify as a witness; 3d, because the court erred in its instructions to the jury; 4th, because the verdict and judgment were contrary to the law and the evidence.

The motion was overruled and the cause is here on appeal. The instructions to the jury were: 1st, that, if the plaintiff worked for defendant, under the directions of himself or agent, he is entitled to pay for his services; 2d, that although convicted of petit larceny, and adjudged to fine and imprisonment in the jail at the time, the county judge had no authority to make a contract with the defendant for the service of the plaintiff, or to hire him to work for the defendant as a convict; 3d, that the receipt given by the plaintiff is open to explanation, and binding on the plaintiff only so far as he understood it at the time; 4th, that if the jury find for the plaintiff, they may deduct the amount of clothing furnished. To these instructions the defendant at the time excepted.

The contention of appellee is that the county judge, in vacation of the county court, had the power to make the contract of hiring out the county convicts. It is provided by the act of March 22, 1881, that the county court shall let the contract to keep and work the county convicts to some suitable person or persons, and shall have full and plenary powers to carry out the provisions of the act. The subsequent provisions of this act, with the amendments of the act of March 13, 1883, place the management and control and the hiring of county convicts under the jurisdiction of the

1. County judge in vacation can- not hire out coun- ty convicts.

county courts; and there is no power or authority given by it to the judge of the county court, in vacation of said court, to make contracts for that purpose, which can be done alone by the order of the court itself.

2. Repeal of act of March 10, 1877.          If the judge of the county court in vacation had the power to make such contracts, under the act of March 10, 1877, as contended by appellant, the later act, which seems to cover the whole subject-matter of the management, control and hiring of county convicts must prevail.

Finding no error, the judgment is affirmed.