# Sloss Iron & Steel Co. *v.* Harvey.

*Action by Convict to recover for Work Performed.*

1. *Convicts; working on holidays; construction of statute.*—The provisions of the act approved February 18, 1895, (Acts of 1894–95, p. 858, § 40) that no convict hired to perform hard labor shall be required to work on Sunday and other specified holidays, is for the benefit of the convict, and does not enact a rule of public policy inhibiting the making of contracts by the hirer with the convict for work on the days specified.

2. *Contracts for work on Sunday; validity thereof.*—The statutes prohibiting work or labor on Sunday, recognize an exception in favor of work of necessity or charity; and contracts, express or implied, for the performance of works of charity upon Sunday, or in cases of necessity, or not void but enforceable.

3. *Convicts; action to recover for work performed on holidays.*—Where one, by coercion, compels a convict hired by him to work on holidays, in violation of the provisions of the act approved February 18, 1895, (Acts of 1894–95, p. 858, § 40), such person is guilty of a trespass, although the convict quietly submitted to the coercion, and there arose no implied contract to pay for such services; and, therefore, such convict can not maintain an action on the common counts to recover on a *quantum meruit* for the work so performed on such days.

4. *Same; right of recovery of amount required to be paid after discharge.* A convict who has been hired to perform hard labor, can not recover under the common counts for 50 cents per day, for each day's travel from the place of his discharge to his destination, as provided by the act approved February 18, 1895, (Acts of 1894–95, p. 867, § 75), where there was no evidence as to what was his place of destination.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

The facts of the case are sufficiently stated in the opinion.

JOHN P. TILLMAN and D. C. BUCKSHAW, for appellant.—The implied contract upon which the plaintiff seeks to recover, was forbidden by statute; and it was,

[Sloss Iron & Steel Co. v. Harvey.]

therefore, void and unenforceable.—3 Amer. & Eng
Encyc. of Law, p. 872; *Woods v. Armstrong*, 54 Ala. 150;
*Gunter v. Leeky*, 30 Ala. 591; *McGehee v. Lindsay*, 6 Ala.
16; *Black v. Oliver*, 1 Ala. 449; *Walker v. Gregory*, 36
Ala. 180; 24 Am. & Eng. Encyc. of Law, §§ 558, 560.

C. P. BEDDOW, *contra*.—Where one party requests an-
other to perform certain work, or even without such re-
quest, stands by and sees him working and accepts the
benefit of his labor, the law will raise an implied con-
tract on his part to pay for it.—29 Amer. & Eng. Encyc.
of Law, 864; *Joseph v. F. & M. Co.*, 99 Ala. 47. Where
a contract for work done is executed on the part of the
laborer, it presents a clear case for suit and recovery
under a common count.—*Trammell v. Lee County*, 94 Ala.
194.

Contracts made on Sunday for the performance of
work of charity or in case of necessity are not void, and
are enforceable.—Code of 1886, § 1749; *W. U. Tel. Co.
v. Wilson*, 93 Ala. 32; *Hooper v. Edwards*, 18 Ala. 280;
*Aldrich v. Blackstone*, 128 Mass. 148; 24 Amer. & Eng.
Encyc. of Law, 541; *Canton v. List*, 9 Ohio St. 439.

HEAD, J.—The appellee (plaintiff below) was a
county convict hired, under our convict system, to the
appellant (defendant below), to perform hard labor.
The statute provides that such convicts shall not be re-
quired to work on Sunday, Christmas day, fourth of
July or on Thanksgiving day.—Acts of 1894–95, p. 858, §
40. The defendant violated this statute and required
the plaintiff to work on those days. The suit is on the
common counts, including the count for work and labor
done, and seeks to recover, on a *quantum meruit*, for
work so performed. The theory of the action is that
there was an implied contract that defendant would pay
the plaintiff the reasonable value of the work.

The defendant, defending, insists that the statutory
prohibition referred to renders the contract (if, other-
wise there was one) void and unenforceable. We think
the provision was not intended to enact a rule of public
policy inhibiting such contract, but was enacted for the
benefit of the convict. For instance, we are clear that
if the plaintiff and defendant had entered into an ex-
press contract for work and labor to be performed by

42

the former for the latter on the days mentioned, at a stipulated wage, the prohibition in question would have been no bar to its enforcement. The purpose was to forbid compulsory labor on the part of the convict. Indeed, such is its express provision. That "convicts, etc., shall not *be required* to work," etc., is the language employed.

The defendant also pleaded the general Sunday act to to the demand for the work done on that day. We agree with the city court that the services performed (in the main, hospital services) were of such character as to constitute a work of necessity within the exceptions of the act.

But we are confronted with the more vital question whether there was any implied contract to pay for these services—whether the plaintiff has brought the proper form of action to meet the case.

It will be seen from the bill of exceptions that all the testimony shows that the defendant, having the plaintiff in its custody as a convict for the purpose of subjecting him to hard labor, *required* him to do this work on the prohibited days. The plaintiff submitted to this requirement under the restraint and coercion of imprisonment and the command of his keeper. It was involuntary. There can be no doubt, we think, that the circumstances repelled all inference or implication of a promise to pay for the services. The acts of the defendant in compelling the performance of the labor were tortious. They were trespasses, committed by direct force. The imprisonment at the place and for the purposes of the unlawful exactions of labor was, for the time being, unauthorized by law. Quiet submissions to the exactions made them none the less trespasses. Cooley on Torts, 169-170. These being the conditions, an action *ex contractu*, of course, will not lie.

The statute provides that the hirer shall furnish the convict, on his discharge, among other things, fifty cents per day for each estimated day's travel from the place where he is discharged to his destination. The plaintiff testified that no money was paid him on this account. By virtue of the statute, which entered into the contract of hiring, there was an implied promise on the part of the defendant to pay this fifty cents, per day, to the plaintiff, in part consideration of the hard labor

[Phœnix Assurance Co. of London v. McAuthor.]

which he was hired to perform, and, upon proper proof, the same would be recoverable under the common counts, but there was no evidence touching plaintiff's destination. For aught that was shown he may have had none; he may have remained at the place of his discharge. We can not presume that he returned to the place of his conviction. That was a matter easy of proof, and we will presume the other way.

The case was tried by the court without a jury. There being no evidence to support a recovery by the plaintiff, the judgment of the city court will be reversed, and judgment here rendered in favor of the appellant.

Reversed and rendered.