THOMPSON v. BRONK.

CONTRACTS—CONVICT LABOR—VOID COMMITMENT—IMPLIED PROM-
ISE OF PAYMENT.
Where, under a contract between defendants and the warden
of the State prison by which the warden was to furnish them
with the labor of 300 convicts at a stated price per day, the
plaintiff, while a convict, was required by the warden to
work for defendants, and they paid the State the contract
price for his labor, after plaintiff's discharge from prison he
could not recover the value of his work from defendants,
even if his commitment to prison was void, since he had no
contract relations, express or implied, with them.

Error to Jackson; Peck, J.   Submitted December 6,
1900.   Decided May 7, 1901.

*Assumpsit* by Frank J. Thompson against Edgar
Bronk and Edgar A. Buffington, copartners as the Bronk-
Buffington Shirt Company, for work and labor.   From a
judgment for defendants, plaintiff brings error.   Affirmed.

*W. D. Fuller*, for appellant.

*Wilson & Cobb*, for appellees.

MONTGOMERY, C. J.   The defendant Bronk had a con-
tract with the warden of the State prison at Jackson, by
the terms of which the warden was to furnish to defendant
the labor of 300 convicts, to be employed in manufacturing
shirts, at a stated price per day.   The defendant Buffington
is a partner of Bronk, and stands in the same relation to
plaintiff.   Under the contract, the selection of men was
left with the warden, and the contractor was bound to
accept such able-bodied men as were supplied him.   The
plaintiff was committed to this prison by the circuit court
for the county of Newaygo, and was detained under a
commitment claimed to be void on its face.   The plaintiff

was by the warden assigned to work on defendants' contract. He continued on this contract for the period of 576 days. Defendants paid the State for plaintiff's labor at the agreed price. Under a rule of the prison, plaintiff was permitted to receive pay from the defendants for overtime, and for doing good work, amounting, in the aggregate, to $58.49. The plaintiff, on obtaining his discharge from the custody of the warden, brought this action against defendants to recover for the value of the services rendered. The declaration contains the labor and *quantum meruit* counts. The circuit judge, after finding the above facts, entered judgment for defendants, and plaintiff brings error.

If the law raises an implication of a promise to pay plaintiff for these services, it cannot be an implication of fact, but a fiction. It is clear that defendants had no thought of accepting services from plaintiff, to be compensated in any other way than under their express contract with the warden. It is said in some cases, where the defendant is guilty of a wrong, that the law will recognize an implied, or, more accurately speaking, a constructive, contract, and enforce it. *Hertzog* v. *Hertzog*, 29 Pa. St. 465. But, where the circumstances repel all implication of a promise in fact, the law will not imply a promise, unless something has been done on which an implication of a promise can be rested, as in the case of a sale of personal property by a tort feasor, who then became liable to an action for money had and received. *Watson* v. *Stever*, 25 Mich. 386. These defendants contracted with a third party for laborers. Under such contract, the third party furnished certain laborers,—among them, the plaintiff. The defendants paid to the third party the contract price for the labor so supplied. No contract relations existed between the parties to this suit. There was no privity between them. They were not consenting bargainors, coming together in contract relations manifested by some intelligible conduct, act, or sign; and the whole transaction was brought about and is accounted for by

circumstances repelling every possible implication of contract relations.

Two cases are cited in support of plaintiff's contention, which at first reading might appear to give support to his claim; but we think these cases may be distinguished. In *Patterson* v. *Crawford*, 12 Ind. 241, a recovery was had, by a convict improperly imprisoned, against the contractor with the prison authorities, for services rendered while unlawfully in prison. In that case the contract was for the services of *all* convicts, at a gross sum. This, of course, meant all convicts lawfully confined. The services of plaintiff were not, therefore, contracted for or paid for by defendant under his contract with the State. The defendant therefore had the benefit of the plaintiff's services. In the present case the defendants paid for all services rendered, and this distinguishes the case. We express no opinion as to whether the case of *Patterson* v. *Crawford* was rightly decided.

The other case is *Greer* v. *Critz*, 53 Ark. 247 (13 S. W. 764). In that case the county court undertook to enter into a contract with defendant for plaintiff's services while he worked out a fine imposed by the court. The county judge had no power to make such a contract, and defendant, being a party to the contract, was held bound to know of this lack of authority, and that, as he had the benefit of plaintiff's services, he was obliged to pay for them.

In the present case the defendants were not responsible for the plaintiff's *status* as a convict. They accepted his services under a perfectly valid contract with the warden. They have paid for such services, and we think the law will imply no promise to pay for them again.

Judgment affirmed.

The other Justices concurred.