## JACK ET AL. *v.* WHITE.

[No. 3,754. Filed October 10, 1901. Rehearing denied January 8,
1902. Transfer denied February 21, 1902.]

TAXATION.—*Tax Sales.*—*Foreclosure by Prosecuting Attorney.*—Under
the provisions of §§ 6491, 6492 R. S. 1881 as amended by the act of
March 6, 1883, §§ 2147, 2148 Elliott's Supp., the court had not
jurisdiction of an action by the prosecuting attorney to foreclose
a lien upon land which was returned delinquent for taxes for
more than three years prior to March 29, 1881, which land had
been offered for sale in 1882, 1883, and 1884, and was not sold for
want of bidders, since the statute provides for the sale of such
lands by the county treasurer.

From Marshall Circuit Court; *S. Parker*, Special Judge.

Suit by Samuel Jack and others against William R.
White to quiet title. From a judgment for defendant on
cross-complaint, plaintiffs appeal. *Reversed.*

*J. D. McLaren, H. R. Robbins, J. A. Cannon, J. F. Hanly* and *W. R. Wood*, for appellants.

*R. A. Kaufman, S. N. Chambers, S. O. Pickens* and *C. W. Moores*, for appellee.

ROBINSON, J.—Originally suit was brought by Samuel Jack and others against White to quiet title. White filed a cross-complaint asking that his title to the same land be quieted. The complaint was dismissed. An additional paragraph of cross-complaint was afterwards filed but was dismissed. An answer in denial was filed to the "first paragraph" of cross-complaint. Upon the first trial appellants had judgment. Appellee's motion for a new trial as of right was granted. Special finding of facts with conclusions of law and judgment in appellee's favor. The errors assigned question the conclusions of law and the overruling of motions in arrest of, and to modify the judgment.

The facts found are that in 1871 Samuel Miller owned in fee the land in question; on May 23, 1895, he and his wife quitclaimed the land to Jacob A. Cannon; July 9, 1895, Cannon and wife conveyed the same by warranty deed to Samuel Jack, Alfred C. Steenburg and Frank L. Steenburg; September 6, 1895, Frank L. Steenburg and wife quitclaimed the undivided one-third to Samuel Jack and Alfred C. Steenburg; each of these deeds was duly recorded. (3) "While the title to said land was in said Samuel Miller, said land was returned delinquent for taxes for more than three years prior to March 29, 1881, to wit, for the years 1876, 1877, 1878, 1879, 1880, and 1881, in the name of said Miller." (4) "Said lands were delinquent for taxes, were so returned in the name of Samuel Miller, were offered for sale and were not sold for want of bidders for each of the years 1882, 1883, and 1884." (5) "On a day in vacation within a week prior to April 17, 1884, an action was commenced by the State of Indiana on the relation of William A. Foster, the prosecuting attorney for Starke county, Indiana, against said Samuel Miller to foreclose the

lien against said land for the taxes then due, unpaid, to wit,. the taxes for 1882, 1883, and 1884 by the filing," etc., and. that notice was duly given Miller by publication. On June 11, 1884, he was defaulted, and a finding made that the unpaid taxes due and delinquent against the land described was $92.14, a lien decreed for that sum, and, if not paid within ten days, the land to be sold by the sheriff and when made the equity of redemption should be barred. On January 20, 1885, precipe having been filed with the clerk, an order of sale was issued, and on February 13, 1885, the lands were sold by the sheriff to one William R. Beatty for $47.38, and a certificate of purchase issued. Afterwards, February 18, 1886, the land not having been redeemed, the sheriff executed to Beatty a sheriff's deed. Beatty and wife conveyed the land to J. D. Beatty, who, with his wife, conveyed the land to John F. White, and he, with his wife, to appellee; all these deeds being warranty deeds and duly recorded. At the time the suit to foreclose the tax lien was filed, and for more than a year prior thereto, Miller was, and thereafter for more than five years, continued to be a nonresident of the State of Indiana; and at the time of that action Miller was, and ever since has been, a married man, and that his wife was not joined as a defendant in that action.

The court stated as conclusions of law: (1) The circuit court had jurisdiction of the subject-matter and of the person in the action to foreclose the tax lien, and the decree rendered therein is valid as against a collateral attack; (2) that the deed executed by the sheriff to William R. Beatty pursuant to that decree vested in Beatty the interest and title of Miller in and to the land; (3) that appellee is the owner in fee simple of the land and is entitled to have his title quieted against appellants, neither of whom have any interest therein.

The first question presented is the sufficiency of the conveyance by the sheriff to vest the title to the lands in William R. Beatty, the purchaser at the sheriff's sale. Section

222 of the act approved March 29, 1881 (Acts 1881, s. s. 611), §6491 R. S. 1881, provides that "The county auditor shall make a list each year, before the 31st day of December, of all the lands, and town and city lots which have been offered for sale for three years, successively, after the passage of this act, and which have remained unsold for want of bidders." This section further provides how the list shall be made; that the auditor shall certify the same to be true and correct, and deliver it to the prosecuting attorney, who shall bring suit in the circuit court; that such proceedings shall be conducted as ordinary civil suits to foreclose mortgages.

Section 223 of the same act, §6492 R. S. 1881, provides that the decree in such suit shall provide that the property shall be sold by the sheriff as other lands are sold on execution, and that the judgment as to the lien shall be without any relief from valuation or appraisement laws, and without stay of execution, and provides the manner of applying the proceeds of the sale.

Section 222, supra, was amended by the act approved March 6, 1883. (§§2147, 2148 Elliott's Supp.) The first section of the amendatory act is a reënactment of §222, supra, with some additions concerning property in cities and incorporated towns.

The second section of the amendatory act of March 6, 1883 (§2148 supra) provides that at the next sale for taxes after the passage of the act the county treasurer of any county in which lands "have been returned delinquent or have remained unsold for want of bidders for three years or more, prior to March 29, 1881, shall advertise and sell the same as other delinquent lands are sold, but the same shall be advertised separately from other lands, and the advertisement as to such lands and lots shall specify that they have remained delinquent for three years prior to March 29, 1881. Such treasurer shall offer and sell such lots and lands to the highest bidder for cash, and when such sale is

made, the county auditor shall give to such purchaser a certificate similar to those given in the case of other tax sales, and reciting the fact that the purchaser was the highest bidder for cash.  Such certificate shall entitle the holder to a deed as in other cases of lands sold for taxes."  This section further provides that if such lands fail to sell for want of bidders they shall be considered forfeited to the State, stricken from the duplicate, and placed on a book provided for that purpose; that the owner may redeem within two years from the date of the failure to sell; if such lands are not redeemed the title shall vest in the State in fee simple absolute and be held and disposed of by the State as other lands of the State are held; the section also is made to apply to city treasurers.

Construing the third and fourth findings so that they will be consistent with each other, the court found that these lands were returned delinquent for taxes for more than three years prior to March 29, 1881, giving the years, and that they were offered for sale in the years 1882, 1883 and 1884, and were not sold for want of bidders.  The fifth finding must be held to mean that the suit was brought to collect the taxes which were attempted to be collected by sales in 1882, 1883, and 1884, because, as the taxes for any year are not due until the year following, these lands could not have been offered for sale prior to bringing the suit for three years successively for the taxes for either of the three years named.  That is, the taxes for 1882 could not become delinquent until 1883, and when the suit was brought it was not possible that the statutory steps required could have been taken by the auditor for taxes for these three years. It must be remembered, also, that under the statutes in question the circuit court did not have jurisdiction to order the sale of any and all land delinquent for taxes, but only such land as had previously been offered for sale as provided in the statutes.  Sections 6417, 6422, 6425, 6426, 6457, 6458, R. S. 1881.  Taking these findings together,

the only reasonable construction is that the suit by the prosecuting attorney was brought to foreclose the lien upon land which was returned delinquent for taxes for more than three years prior to March 29, 1881, which land had been offered for sale in 1882, 1883, and 1884, and was not sold for want of bidders.

The question to be determined is not so much whether §222 of the act of March 29, 1881, ceased to exist upon the approval of the act of March 6, 1883, as it is the construction to be given the second section of the act of March 6, 1883. The first section of the amendatory act of 1883 is substantially the same as §222 of the act of 1881, and the same construction would apply to both sections.

As appellee's title depends upon the validity of the proceedings instituted by the prosecuting attorney on April 17, 1884, resulting in a foreclosure of the lien, a sale by the sheriff, and a sheriff's deed, the question arises whether the circuit court had jurisdiction of the subject-matter of that action.

It is too well settled to admit of argument or to require the citation of authority that, where a court of general jurisdiction had jurisdiction of the parties to the action and of the subject-matter, its judgment is binding until reversed or set aside, and that such a judgment can not be collaterally attacked. But a judgment rendered where the court has not jurisdiction of the parties or of the subject-matter of the action is void and binds no one, and may be treated as a nullity when it comes in question collaterally. The want of jurisdiction of the subject-matter in a court rendering a judgment may always be shown whenever any benefit is sought under the judgment. *Bryan* v. *Blythe*, 4 Blackf. 249; *Horner* v. *Doe*, 1 Ind. 130, 48 Am. Dec. 355; *Babbitt* v. *Doe*, 4 Ind. 355; *Patterson* v. *Prior*, 18 Ind. 440, 81 Am. Dec. 367; *Webb* v. *Carr*, 78 Ind. 455; *Louisville, etc., R. Co.* v. *Hubbard*, 116 Ind. 193.

When the action was brought by the prosecuting attorney

to foreclose the tax lien the act of March 6, 1883 was in force. Neither by the terms of that act, nor the act of 1881, could all lands delinquent be sold, but only such lands as had previously been offered for sale and remained unsold for want of bidders. The second section of the act of 1883 divides lands delinquent and which may be sold for taxes into two classes. One of these classes includes lands which have been returned delinquent or have remained unsold for want of bidders for three years or more prior to March 29, 1881. Complete provision is made for the advertisement and sale of these lands by the county treasurer, and for the disposition of such lands should they fail to sell for want of bidders. For some reason the legislature placed this particular class of delinquent lands in the hands of the county treasurer, to be disposed of by him. No provision is made as to this class for a foreclosure suit by the prosecuting attorney and a sale and deed by the sheriff. As we construe the special findings, they expressly place the lands now in controversy, when they are to be sold for taxes, within the special class designated by the second section of the act of 1883.

The right to enforce the collection of delinquent taxes by a sale of land is statutory. The method prescribed by the statute must be pursued. At the time of the foreclosure suit the circuit court did not have general jurisdiction of the sale of lands to pay taxes. It had jurisdiction of such cases only as the statute designated. It did not have jurisdiction of the subject-matter in the class of cases to which the particular case belonged. *McCoy* v. *Able*, 131 Ind. 417. The circuit court had no jurisdiction in the proceedings instituted by the prosecuting attorney in April, 1884, and the foreclosure decree and sale of the land pursuant thereto were void.

Judgment reversed, with instructions to restate the conclusions of law.