## HAMBY *et al. v.* COLLIER. HAMBY *et al. v.* YOUNG.

HOLDEN, J. The defendants in error brought separate suits against the same defendants, in Cobb superior court, making in their respective petitions substantially the following allegations: Two of the defendants resided in Cobb county and the other defendant in Fulton county. The defendants, and each of them, through agents, guards, and bosses named, and others "whose names petitioner can not remember," took charge of and chained the plaintiff and caused him to do work in grading for a railroad for a specified time in 1906 and 1907. The defendants were jointly interested in the services rendered by the plaintiff, "and are jointly responsible to plaintiff for the value of said services so rendered and here sued for, the said defendants having jointly received the benefits of said services' and having converted the same into cash." His labor was worth a stated sum, and he waives the tort and sues for the value of the services rendered. A verdict was rendered in each of the cases in favor of the plaintiff against all of the defendants, who complain that the court erred in overruling their demurrers and in refusing them a new trial. The two cases, being practically identical, are considered and decided together. It is *Held:*

1. If A wrongfully compels B to render him valuable services, B can maintain against A an action of assumpsit to recover their value, a·promise to pay on the part of A being implied in law. 1 Addison on Contracts, § 30 et seq.; 3 Id. § 1399; 2 Street on Foundation of Legal Liability, 208-9, 215, 217; 3 Id. 199; Patterson *v.* Crawford, 12 Ind. 241; Peter *v.* Steel, 3 Yeates (Pa.), 250; Greer *v.* Critz, 53 Ark. 247 (13 S. W. 764); Hickham *v.* Hickham, 46 Mo. App. 496; Patterson *v.* Prior, 18 Ind. 440 (81 Am. D. 367); Wood's Law of Master & Servant (2d ed.), § 63, p. 96, § 68, pp. 107-109; 2 Paige on Contracts, § 848.

(*a*) In the action B can join as defendants all who jointly compel the service and receive the benefits thereof. Elliott *v.* Bell, 37 W. Va. 834 (17 S. E. 399).

2. The superior court of the county of either of the persons sued has jurisdiction of the suit against all, though one of them may not reside in that county.

3. The petition alleging that the services were rendered within four years prior to the time the suit was instituted, it was not subject to demurrer on the ground that the right of action was barred by the statute of limitations.

4. The petition was not subject to any of the grounds of special demurrer.

5. It was not error to charge: "I give you this law: ·Ordinarily when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof."

6. It was error for the court to refuse, upon the trial of the first case stated above, a written request of counsel for the defendant to charge the jury as follows: "The presumption of law is that all public officers or authorities do their duty as prescribed by law; and in the absence of satisfactory proof that any officer or county authority has

violated his duty or done an illegal act, it will not be held that the officer has done any illegal act."

7. There was no error in the failure of the court to charge, or in the charges given, of which complaint is made, other than as above pointed out.

8. The evidence in each case shows that the plaintiff therein, while performing the services for the value of which the suit is brought, was at work in a chain-gang under a sentence for a misdemeanor imposed by Cobb superior court. The presumption is that the officers did their duty, and that the plaintiffs were being worked in accordance with law. The evidence was insufficient to overcome this presumption.

*Judgment in each case reversed.   All the Justices concur.*

MAY 11, 1911.

Complaint. Before Judge Morris. Cobb superior court. July 9, 1910.

*D. W. Blair* and *Candler, Thomson & Hirsch,* for plaintiffs in error. *Mozley & Moss,* contra.