# Tennessee Coal, Iron & R. R. Co. *v.* Butler.

## *Assumpsit.*

### (Decided June 4, 1914.   65 South. 804.)

1. *Costs; Non-Payment; Imprisonment.*—Where a convict is sentenced to work out his cost of conviction at 40 cents per day, when the sentence should have been at 75 cents per day, he is entitled to his discharge when he has worked a sufficient length of time to pay the cost at the rate of 75 cents per day, and any restraint after that time is illegal.

2. *Work and Labor.*—Where plaintiff was leased to defendant as a hard labor convict, and defendant failed to discharge him at the time he was entitled to be discharged, but required the performance of additional service, plaintiff is entitled to recover for the value of such additional service as upon an implied contract.

3. *Same; Defenses.*—Where the action was by a convict on an implied contract for the value of services rendered after the convict was entitled to his discharge, defendant cannot defend by showing that it was guilty of a tort in wrongfully continuing the convict's imprisonment.

4. *False Imprisonment; Action; Offenses.*—A ministerial or executive officer is not liable in an action for false imprisonment where he acts under process regular on its face.

5. *Pleading; Amendment; General Objection.*—A general objection to the allowance of an amendment presents nothing for review.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Alex Butler sues the Tennessee Coal, Iron & Railroad Company in assumpsit for work and labor, and from a judgment in his favor defendant appeals. Affirmed.

[Tennessee Coal, Iron & R. R. Co. v. Butler.]

PERCY, BENNERS & BURR, and HUGH LESTER, for appellant. There can be no recovery on the counts of the complaint for money had and received and for work and labor, because the fact that plaintiff was working involuntarily as a convict repels all inference of a promise on the part of the defendant to pay for his services.— *Sloss Iron & Steel Co. v. Harvey,* 116 Ala. 656; *Tenn. Coal, Iron & R. Co. v. Cotton,* 116 Ala. 669; *Thompson v. Bronk,* 85 N. W. 1084. A ministerial or executive officer is not liable in an action of false imprisonment when he acts under a process regular on its face.—*Emerson v. Love Mfg. Co.,* 159 Ala. 350; *Pell City Mfg. Co. v. Swearingen,* 156 Ala. 397; *Leib v. Shelby Iron Co.,* 97 Ala. 626; *Rhodes v. King,* 52 Ala. 272. The officer is protected even though the process is actually invalid, as when rendered under a statute or an ordinance that is unconstitutional and void.—*Trammell v. Russellville,* 36 Am. Dec. 1; *Brooks v. Mangan,* 49 N. W. (Mich.) 633; *Hofschulte v. Doe,* 78 Fed. 436; 19 Cyc. 345. In its custody of the plaintiff, the defendant was acting as a ministerial or executive officer of the state.—*Buckalew v. Tennessee Coal, Iron & R. R. Co.,* 112 Ala. 146; *Sloss Iron & Steel Co. v. Harvey,* 116 Ala. 656; *Williams v. State,* 57 South. 1030; *Smith v. State,* 82 Ala. 40; *Ex parte Davis,* 95 Ala. 9; *Ward v. State,* 88 Ala. 202. The sentence for costs is part of an entire judgment. It is of the same nature and becomes a part of the punishment imposed for the commission of the crime.—*Brown v. State,* 115 Ala. 74. The lessee of a convict is not bound at its peril to investigate the legality of the conviction of the prisoner.—*Chattahoochee Brick Co. v. Goings,* 69 S. E. 865; *Cunningham v. Bay State etc., Co.,* 25 Hun.

FRANK S. ANDRESS, for appellee. Plaintiff was entitled to recover as on an implied contract.—*Joseph v.*

*F. & M. Co.,* 99 Ala. 47; 29 A. & E. Enc. of Law, 864; 12 Ind. 241; 53 Ark. 248; 22 A. & E. Enc. of Law 1305. There was no authority for continuing to hold him and compel him to work after the time had expired for which he was legally sentenced.—135 Ga. 529. Defendant was guilty of false imprisonment.—*Robinson & Co. v. Green,* 148 Ala. 432.

DE GRAFFENRIED, J.—Alex Butler was convicted of petit larceny. He was sentenced to hard labor for 110 days as punishment for the crime. The costs in the cause amounted to $29.35, and he was sentenced to additional hard labor for the county until the costs were paid at the rate of 40 cents per day. Under the law the defendant was entitled to work out his costs at the rate of 75 cents per day, instead of at the rate of 40 cents per day.. When, therefore, the prisoner had performed hard labor for the county for the period for which he was sentenced as punishment for his crime, and had also performed aditional hard labor for a sufficient number of days at the rate of 75 cents per day to pay his costs, he was then entitled to his discharge, and any further imprisonment of the prisoner became illegal.—*Ex parte Haley,* 1 Ala. App. 528, 56 South. 245. The judgment of the court sentencing the prisoner to hard labor showed the above situation.—*Ex parte Haley, supra.*

(1) When the appellee was sentenced as above stated, the appellant hired him, as a hard-labor convict, from Jefferson county. Appellant kept him at labor as a convict under said sentence of conviction for a longer period than, under the *valid* part of the sentence, it was entitled to keep him. In other words, the appellant kept him at hard labor for it for several days after the convict had worked out his costs at the rate of 75 cents

per day, but discharged him before the time had elapsed
for him to work out his costs at the rate of 40 cents per
day. The convict, in this action, has sued the appellant
for the value of his labor between the date when, un-
der the legal part of the judgment sentencing him to
hard labor, he was *entitled* to his discharge, and the date
on which he was actually discharged.

(2) The second count of the complaint is in the fol-
lowing language: "The plaintiff claims of the defend-
ant the sum of $100 due for and on account of work
and labor done for defendant by plaintiff at defendant's
instance or request, on, to wit, February 3, 1909"—and
we are of the opinion that the plaintiff was, under the
undisputed facts, entitled to recover under that count.
We find nothing in the evidence from which it can be
inferred that the appellant paid Jefferson county for
the time during which the appellee performed the work
for the value of which this suit was brought, and in this
case the judgment of conviction showed exactly when
the convict's sentence to hard labor expired. These
facts differentiate this case from that of *Thompson v.
Bronk,* 126 Mich. 455, 85 N. W. 1084. In the case of
*Sloss Co. v. Harvey,* 116 Ala. 656, 22 South. 994, the
period during which the convict was, on Sundays and
holidays, required to work was a period during which,
under a lawful sentence, the Sloss Company had the
legal custody and control of the convict. In that case
the plaintiff's cause of action arose by reason of the
*violation* by the defendant of the *terms of a statute* pro-
hibiting the working of convicts on Sundays and holi-
days, and it also arose during the period when the de-
fendant was lawfully entitled to the custody of the con-
vict and to the fruits of the labor of the convict. This
court was therefore of the opinion that the plaintiff's
cause of action was in reality for a *breach by the de-*

[Tennessee Coal, Iron & R. R. Co. v. Butler.]

*fendant of a statutory duty* which the defendant owed the plaintiff, and not for the breach of any contract either express or implied by law.

In the instant case the convict was required to work at a period when he had ceased to be a convict, and this fact was really shown by the judgment of conviction. There is therefore a broad distinction between the instant case and the case of *Sloss Co. v. Harvey, supra.* The *law* definitely fixed the exact date upon which this convict's term expired, and any labor which the appellant required him to perform *after* that date was without warrant of law, at a time when the appellant had no legal right to the custody of the convict, and at a time when the law may well raise an implied contract to pay him for the value of his services.

(3) In this case the appellee simply asks that he be remunerated for services which, with the knowledge, consent, and under the requirements, of the appellant, he has performed at a time when appellant had no right to require such services. The appellant, we think, is not in a position to show its tort for the purpose of defeating the plaintiff's right of recovery. The plaintiff in count 2 has not sued the defendant for false imprisonment, but for the value of labor which the defendant has required him to perform, and for which neither the plaintiff nor any other person has been compensated. The appellant "must be presumed to have assented to the performance of the labor, and, being benefited thereby, the law implies a promise to pay what it is reasonably worth."—*Patterson v. Prior,* 18 Ind. 440, 81 Am. Dec. 367; *Patterson v. Crawford,* 12 Ind. 241.

(4) The proposition announced by appellant in its brief that "a ministerial or executive officer is not liable in an *action of false imprisonment* when he acts under a process regular on its face" is familiar.—*Emerson v. Lowe Mfg. Co.,* 159 Ala. 350, 49 South. 69.

Count 2, as already stated, is not an action for false imprisonment, but for the *value* of *work* done by the defendant for the plaintiff. The work may have been performed while the plaintiff was illegally restrained of his liberty by the defendant, but nevertheless the work was done, the defendant willingly received the benefits of the work, and the law raises an implied contract to pay for the work.—*Patterson v. Prior, supra; Patterson v. Crawford, supra.*

(5) The defendant seems to have objected to the allowance by amendment of count 3 to the complaint. The objection was a mere general obejction, and presents nothing for review.—*Reynolds v. Dismuke, Adm'r,* 48 Ala. 209.

We find no error in the record, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.