(102 So. 918)

PRATT CONSOLIDATED COAL CO. v. Jas. E. ROBINSON. (6 Div. 149.) (Supreme Court of Alabama. Nov. 25, 1924.) Appeal from Circuit Court, Jefferson County; John Denson, Judge.

PER CURIAM. Appeal dismissed for want of prosecution.

---

(103 So. 919)

J. B. PRINCE v. Della GREEN. (8 Div. 743.) (Supreme Court of Alabama. March 26, 1925.) Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge. Action by Della Green against J. B. Prince for damages for cutting trees. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals. Reversed and remanded. The witness Robinson testified that he was the brother-in-law of plaintiff, and, after being asked the question quoted in the opinion, answered: "Mr. Prince said we could have the timber at the foot of the mountain here; that he would release his claim, or something to that effect." Charge 9, refused to defendant, is as follows: "I charge you that, if you believe the evidence, you cannot find for the plaintiff on the allegations of the complaint that defendant deadened, cut, girdled, boxed, or destroyed trees on the land of the plaintiff."

Douglass Taylor, of Huntsville, for appellant.

Offers of compromise are not admissible in evidence against parties making them. Sandlin v. Kennedy, S. & C. Co., 165 Ala. 577, 51 So. 622; Hughes v. Daniel, 187 Ala. 41, 65 So. 518; Globe Tailoring Co. v. Seibold, 9 Ala. App. 143, 62 So. 384. Where there is no proof of an allegation, it should be withdrawn from the jury by appropriate instructions. South. Bell T. & T. Co. v. Mayo, 134 Ala. 641, 33 So. 16.

J. K. Thompson, of Scottsboro, for appellee.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. As to whether or not the defendant removed the trees in question from the plaintiff's land was a controverted issue. Dr. Robinson, after testifying that defendant first denied removing the trees, but subsequently admitted that he "snaked the timber off," was then asked by plaintiff, over timely objection and exception of the defendant, "Did Mr. Prince several times try to get you to take the cedar at the foot of the mountain in pay?" This question did not seek the admission of an independent fact establishing the validity of the plaintiff's claim, but called for an offer of compromise or adjustment—a peace offering, as distinguished from an unqualified concession of plaintiff's claim. Nor did the answer of the witness cure the error, as it, perhaps more than

the question, indicates that what the defendant said was intended merely as an offer of compromise. Hughes v. Daniel, 187 Ala. 51, 65 So. 518, and authorities there cited. The trial court did not commit reversible error in refusing the defendant's requested charge, which we mark 9. Whether a good charge or not, its refusal was of no injury to the defendant, as it related to certain items in count 1 for the statutory penalty, and we think the record affirmatively shows that the verdict was based on count 2, and not 1. True, the verdict did not designate count 2, but the amount of same negatives a finding under count 1. For the error above pointed out, the judgment of the circuit court is reversed, and the cause is remanded. Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.