A92A0257. STINSON et al. v. ALLSTATE INSURANCE COMPANY.
(419 SE2d 509)

CARLEY, Presiding Judge.
The relevant facts in this declaratory judgment action are as follows: Richard and Joan Kaminski, who are residents of Columbia County, are afforded liability coverage under a policy of insurance issued by appellee-plaintiff. Seeking to recover for the death of their son, appellant-defendants, who are residents of Houston County, filed suit against the Kaminskis in Columbia County. Thereafter, appellee initiated in Columbia County the instant action against the Kaminskis and appellants, seeking a declaration that, under the terms of its policy, it did not afford coverage to the Kaminskis for the death of appellants' son. Since the Kaminskis are residents of Columbia County, venue of appellee's action was proper as to them. However, appellants challenged venue and moved that, as to them, appellee's action be transferred to Houston County. The trial court denied ap-

pellants' motion, but certified its order for immediate review. Pursuant to the grant of their application for interlocutory appeal, appellants appeal the denial of their motion.

Appellee was clearly entitled to seek a declaratory judgment as against the Kaminskis. " 'By refusing to defend [the Kaminskis in appellants' suit], [appellee] loses all opportunity to contest the [liability] of the [Kaminskis] or [appellants'] right to recover, and exposes itself to a charge of and penalty for breach of contract. By defending, it incurs considerable expense and may waive the claim of immunity. It is therefore of exceptional importance to both [appellee] and [the Kaminskis], if not indeed to [appellants], to know at the earliest possible moment whether the policy covers the loss or not. [Appellee's] liability under the policy and the [Kaminskis'] liability for [the death of appellants' son] are indeed two separate transactions.' [Cit.]" *LaSalle Nat. Ins. Co. v. Popham,* 125 Ga. App. 724, 729 (1) (188 SE2d 870) (1972).

It is likewise clear that appellants are not improper parties to appellee's instant declaratory judgment action. " 'Under numerous decisions of this court in relation to the subject-matter of . . . insurance, all persons interested in the contract should be joined, in order properly to adjudicate the question of liability or non-liability of the insurer.' [Cits.] [Appellants] had such interest in the policy of insurance [issued to the Kaminskis] as made them proper parties to the [instant] action of [appellee] to determine its liability to pay any judgment that might be secured by [appellants] against [the Kaminskis]." *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437, 439 (117 SE2d 459) (1960).

It follows that, although the Kaminskis and appellants may be adversaries in their own underlying lawsuit, they have a *joint* interest in the policy issued by appellee. That joint interest is in having the policy serve as a potential source of satisfaction of any judgment that appellants may secure in their action against the Kaminskis. It has long been recognized that a plaintiff "can join as defendants all who jointly compel [his] service [under a contract] and receive the benefits thereof. [Cit.] The . . . court[s] of the county of either of the persons sued has jurisdiction of the suit against all, though one of them may not reside in that county." *Hamby v. Collier,* 136 Ga. 309 (la, 2) (71 SE 431) (1911). By virtue of the underlying tort action, appellants and the Kaminskis have, in effect, jointly compelled appellee's performance under its contract and they seek to receive the joint benefit thereof. Since the Kaminskis are residents of Columbia County, venue of appellee's instant action would be proper in that county as against appellants. Therefore, the trial court correctly denied appellants' motion to transfer. Compare *Harper v. Gunby,* 215 Ga. 466, 469 (3) (111 SE2d 85) (1959) (wherein the defendants in a declaratory

judgment action had no joint contractual interest).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED MAY 21, 1992 —
RECONSIDERATION DENIED JUNE 3, 1992 —

*Sell & Melton, Russell M. Boston, Doye E. Green, Jr.,* for appellants.

*Thompson & Smith, Larry I. Smith, Allgood & Daniel, Robert L. Allgood,* for appellee.