## SUGG *vs.* POOL, et al.

1. It cannot be plead, in justification to an action of trespass, for false imprisonment, that the defendant had reason to believe the plaintiff a murderer, whose description he answered.
2. Such facts can only go in mitigation of damages.

This case was an action of trespass, for false imprisonment, brought against Kinney Pool and Robert Caruthers, in the Circuit court of Tuscaloosa. The defendants plead, in justification, in substance, that the plaintiff had been arrested by them, in consequence of his answering the description of a murderer, who had fled from justice. This plea being demurred to, the Circuit court overruled the demurrer; and judgment was had for the defendants.

*Stewart*, for the plaintiff—*Ellis, contra.*

TAYLOR, J.—To the declaration filed in this action of trespass and false imprisonment, the defendant pleaded, that the governor of Georgia had issued a proclamation, reciting, that a murder had been committed in that State, by Philip Hattox, on the body of Jethro Jackson—that Hattox had fled from justice, and offering a reward of two hundred and fifty dollars, for the apprehension and delivery of the said Hattox,

for trial.—That, from a description which had been given of said Hattox, by Edmund Jackson, Robert Jackson, Albertes Jackson, Mark Jackson and William H. Saunders, which had been, a short time before, published in a newspaper, printed in Tuscaloosa, in this State, "which description the plaintiff, in all respects, answered—it was believed by the defendants, and many others, citizens of Tuscaloosa, that the said plaintiff was the same identical Philip Hattox, who had been charged with the murder of Jethro Jackson, under the assumed name of William Sugg.— Therefore, the defendants, having good and probable cause of suspicion, and vehemently suspecting the said plaintiff to have been guilty of the murder of the said Jethro Jackson, did, at the time, when, &c. cause the said plaintiff to be arrested, by Phillip Williams, then acting constable for the said county of Tuscaloosa, by virtue of a warrant, issued by Benjamin G. Sims, a justice of the peace," &c.

To this plea the plaintiff demurred : the demurrer was overruled by the Circuit court, and this is as signed as error.

Many points have been made in the argument, which it is deemed unnecessary to notice, as the gist of the plea forms no defence to the action. The substance of it is, that the defendants, believing the plaintiff to be another man, caused him to be arrested. This is no justification, but merely matter of extenuation. This is sustained by all the authorities, and by analogy.

The case of *Aaron* vs. *Alexander, Crowly and Solomons*,[a] is precisely in point. It was there determined, not only that the persons making the arrest, by mistake, but the keeper of the watch-house, who re-

[a] 3 Camp. Rep. 35.

ceived the prisoner, in equal ignorance of his identity, were guilty of a trespass. The law is thus laid down by elementary writers, who are supported by an unbroken chain of decisions. An officer, making an arrest, and the persons procuring it, act at their peril.

This rule extends to a levy on property. The officer who seizes the property of A., under an execution against B., cannot plead the mistake, in justification, Whether an individual, who has fled from justice, in another State, can be arrested in this, in any other way, than the manner prescribed in the acts of Congress and this State, we think unnecessary now, to determine, as we have no doubt, that all these circumstances should be received, in mitigation of damages, on the trial of this case.

The judgment is reversed, and the cause remanded.