(76 South. 37)

AHLRICHS v. ROLLO. (6 Div. 515.)

(Supreme Court of Alabama. May 17; 1917.)

1. FALSE IMPRISONMENT ⟨⟩8—DUTY OF SHERIFF—SEARCH FOR SURETIES FOR APPEARANCE BOND.

If a prisoner's detention by the sheriff was under valid process, there was no affirmative obligation on the sheriff to release him from custody or to conduct him in search of sureties on an appearance bond.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 68–73.]

2. CRIMINAL LAW ⟨⟩90(5) — SUMMARY PROCEEDINGS—JURISDICTION—COUNTY COURT—JUSTICE'S WARRANT.

Under the express provision of Code 1907, § 6703, a prosecution at the county court may be begun by affidavit taken before a justice of the peace of the county and the warrant made returnable to the county court, and the fact that jurisdiction of a misdemeanor for which a warrant is issued is concurrently possessed by the justice issuing the warrant and the county court does not qualify the express authority so given.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 129, 135.]

3. CRIMINAL LAW ⟨⟩90(5) — SUMMARY PROCEEDINGS — JURISDICTION — STATUTES — CONSTRUCTION.

There is no conflict between the provisions of Code 1907, § 6703, providing that a prosecution before the county court may be begun by affidavit taken before a justice of the peace of the county and the warrant made returnable to the county court, and section 6738, providing that in all trials before a justice of the peace of causes within his jurisdiction he must determine the law and facts without jury and award punishment, since section 6738 is designed to require a justice of the peace to exercise his own jurisdiction to try a misdemeanor brought before him on a warrant returnable by his court and to prevent him from binding his prisoner over.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 129, 135.]

4. FALSE IMPRISONMENT ⟨⟩12 — JUDICIAL PROCESS—AFFIDAVIT—SUFFICIENCY.

Where an affidavit taken before a justice of the peace to begin a prosecution in the county court showed that the affiant was before the justice of the peace and swore to and subscribed the affidavit, and that the proceeding was instituted on a date stated, and there is nothing on the face of the affidavit to warrant or show that they had been altered in respect to their date, such affidavit was not void on its face.

---

**5. APPEAL AND ERROR** ⊚⇒1008(1)—REVIEW—FINDINGS OF JUDGE.

Under Gen. Acts 1915, p. 824, where the evidence before the trial judge is developed ore tenus, or partly so, the appellate court will not disturb the findings unless the conclusion below is plainly contrary to the great weight of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955, 3956.]

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Action by Emil Ahlrichs against A. A. Rollo. Judgment for defendant, and plaintiff appeals. Affirmed.

Emil Ahlrichs, of Cullman, pro se. F. E. St. John, of Cullman, for appellee.

McCLELLAN, J. This is an action for damages brought by the appellant against the appellee, who was at the time of the commission of the wrongs of which plaintiff complains the sheriff of Cullman county. As we understand the complaint, the several counts charge either an assault and battery or false imprisonment as cause of the plaintiff's action. The plea was the general issue; and the trial was by the court without the intervention of a jury. The court, after hearing the evidence, concluded against the plaintiff, and rendered judgment for the defendant. Under the evidence the court was authorized to find that the plaintiff was properly arrested by a municipal officer of the city of Cullman for drunkenness; that, according to an arrangement in effect between the municipality and the sheriff as the custodian of the jail of Cullman county whereby that institution was used for the incarceration of municipal prisoners, the officer arresting the plaintiff secured the keys to the jail and placed the plaintiff therein as a municipal prisoner; that the sheriff did not actively participate in this incarceration of the plaintiff; that on the same date the municipal officer swore out a warrant before a justice of the peace against the plaintiff charging him with public drunkenness as an offense against the laws of the state of Alabama; that on that day the warrant issued by the justice of the peace, subsequent to the stated incarceration of the plaintiff, was delivered either to the sheriff or to one of his authorized deputies, who made return thereon as follows: "Executed by arresting the within named defendant and placing him in jail;" that, the plaintiff being then in jail in virtue of his subjection to arrest and incarceration under municipal authority, the formal execution of the writ of arrest for public drunkenness in violation of the state statutes was not effected. Under the evidence the trial court was also authorized to find that the defendant not only did not violate any duty he owed the plaintiff with respect to the plaintiff's right to have bail (Taylor v. Smith, 104 Ala. 537, 16 South. 629; Hammons v. State, 59 Ala. 164, 31 Am.

Rep. 13), but did not interfere with or delay the plaintiff in the plaintiff's ability to furnish a sufficient appearance bond as a condition to his release from custody.

[1] If plaintiff's detention by the sheriff was under valid process, there was no affirmative obligation on the sheriff to release him from custody or to conduct him in search of sureties on an appearance bond.

[2] Under the express provisions of Code, § 6703, a prosecution before the county court may be begun by affidavit taken before a justice of the peace of the county, and the warrant made returnable to the county court. Walker v. State, 89 Ala. 74, 8 South. 144; Harden v. State, 109 Ala. 50, 19 South. 494; Acts 1900–01, pp. 1342–1345, § 12. Manifestly the fact that jurisdiction of a misdemeanor for which such warrant is issued is concurrently possessed by the justice issuing the warrant and the county court does not serve to qualify the express authority given justices of the peace to take affidavits and issue warrants returnable to the county court.

[3] There is no conflict between the provisions of Code, § 6703, and section 6738. The latter statute is designed to require a justice of the peace to exercise his own jurisdiction to try a misdemeanant brought before him on a warrant returnable to his court, and to prevent his binding the prisoner over. Brown v. State, 105 Ala. 117, 16 South. 929.

[4] The grounds of objection to the affidavit taken before the justice of the peace and the warrant issued thereupon do not include a ground taking the objection that these papers were not admissible because of the absence of pleas to the support of which they might have been appropriately offered in evidence. While the affidavit was badly constructed, it was not void on its face. It appears from it that the affiant was before the justice of the peace and swore to and subscribed the affidavit. It appears from the affidavit and the warrant that the proceeding was instituted on the 22d of May, 1915. There is nothing on the face of these papers as copied in the record to indicate that they had been altered in respect of their date. The original papers were before the trial court; they are not submitted to the inspection of this court. The trial judge evidently concluded from their inspection that there had been no suspicious alteration of the date, viz. May 22, 1915.

[5] In interpreting the act approved September 25, 1915 (Gen. Acts 1915, p. 824), this court has finally decided that, where the evidence before the trial judge is developed ore tenus, or partly so, this court will not disturb the finding of the trial court unless the conclusion below is plainly contrary to the great weight of the evidence. Finney v. Studebaker, 72 South. 54;[1] Hackett v. Cash, 72 South. 52.[2] It is very plain from this record that this court cannot affirm that the

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 196 Ala. 422.      [2] 196 Ala. 403.

conclusion of the trial judge was at all opposed to the great weight of the evidence.

There being no error in the record, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.