SIMPSON et al. v. BOYD.    (6 Div. 222.)

(Supreme Court of Alabama.   Oct. 16, 1924.)

1. False imprisonment ⬤═40—Instructions relating to malicious prosecution held properly denied.

In action for false imprisonment, instructions that mere fact that prosecution of plaintiff had been abandoned was not prima facie evidence of want of probable cause, and that there was no evidence that charge against plaintiff had been judicially investigated and prosecution ended, *held* properly denied as relating only to action for malicious prosecution.

2. Trial ⬤═260(1)—Denial of requested instructions covered by others given, not error.

Denial of requested instructions covered by others given is not error.

3. False imprisonment ⬤═8 — Instruction, to find for defendants if arrest made in good faith, held properly denied.

Instruction for defendants if arrest of plaintiff was made in good faith, with reasonable cause, *held* properly denied, where evidence tended to show a detention of plaintiff after discovering he was not the man sought.

4. False imprisonment ⬤═8 — Instruction to find for defendant, if plaintiff was arrested at instance of another, held properly denied.

Instruction to find for defendant if plaintiff was arrested on complaint of some party other than defendant, *held* properly denied, where evidence indicated that plaintiff had been detained at instance of defendant after it was discovered he was not man sought.

5. False imprisonment ⬤═7(3) — Arrest of wrong person actionable though made in good faith.

One armed with warrant for arrest of particular man is liable, though in good faith, through mistake, he arrest another, though good faith would go in mitigation of damages.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages for false imprisonment by William H. Boyd against R. G. Simpson and the United States Fidelity & Guaranty Company. From a judgment for plaintiff, defendants appeal. Affirmed.

The evidence for the plaintiff tended to show that, upon information furnished by an employee of an industrial plant in Birmingham, a police officer of that city arrested the plaintiff, carried him to the city jail and another officer communicated to the defendant Simpson, sheriff of Chambers county, that plaintiff was probably the party who had committed a murder in Chambers county several years previously; that defendant Simpson requested that plaintiff be held, and, accompanied by one Pearson, a brother-in-law of the man who had been murdered in Chambers county, came to Birmingham for the purpose of ascertaining if plaintiff was the party wanted and, if so, to take him in charge; that Pearson, who professed to have known the party alleged to have committed the crime, stated when he saw plaintiff that he was not the man wanted; that defendant Simpson expressed the opinion that plaintiff was the wrong man, but said he would carry him to Chambers county in order to collect the expenses of his trip; that plaintiff was handcuffed and carried to Chambers county where he was held for a time and was finally released.

Defendants' evidence tends to show that the plaintiff and the party alleged to have committed the crime bore the same name; that their descriptions were similar, the plaintiff having certain marks or scars of identification similar to those of the man wanted; that Pearson expressed doubt on first inspection of the plaintiff that he was the party wanted, but later counseled that it would be better to take plaintiff to Chambers county for examination by others; that defendant Simpson made no statement to the effect that he would carry plaintiff to Chambers county for the purpose of enabling Simpson to collect expense money.

The following charges were refused to the defendants:

"2. The mere fact that the prosecution was abandoned, or nol pros'd, if you believe it was abandoned or nol pros'd, is not prima facie evidence of the want of probable cause.

"3. There is no evidence that the charge against the plaintiff has been judicially investigated and the prosecution ended."

"6. Before you can find against the defendants for false imprisonment, you must be reasonably satisfied that at the time R. G. Simpson ordered the arrest of plaintiff, that he had no reasonable cause to believe that the plaintiff had committed a felony."

"14. I charge you, gentlemen of the jury, that if you find from the evidence that the plaintiff, Will Boyd, was arrested by an officer of the city of Birmingham on complaint of some party other than defendant Simpson, you cannot award plaintiff any damages on the complaint of unlawful arrest."

Jas. A. Hines, of La Fayette, for appellants.

A felony having been committed, and defendant having reasonable cause to believe plaintiff committed it, the arrest and imprisonment were legal. Code 1907, § 6269; Sokol Bros. Fur. Co. v. Gate, 208 Ala. 107, 93 So. 724; 19 Cyc. 350. Charge 2 was correct, and should have been given. 3 Cyc. 977. Likewise charges 3, 6, and 14. Authorities supra; Cunningham, v. Baker, 104 Ala. 160, 16 So. 68, 53 Am. St. Rep. 27.

Beddow & Oberdorfer, of Birmingham, for appellee.

A warrant is not justification for arresting any other than the person named. 5 C. J. 394; 25 C. J. 490; Sugg v. Pool, 2 Stew. & P. 196; West v. Cabell, 153 U. S. 78, 14 S. Ct. 752, 38 L. Ed. 643; Bigelow on Torts (4th Ed.) 140; Addison on Torts, § 805; Filer v. Smith, 96 Mich. 347, 55 N. W. 999, 35 Am. St. Rep. 605.

ANDERSON, C. J. [1] This is an action for false imprisonment and not malicious prosecution, hence the facts set up in defendants' refused charge 3 had no bearing upon the issue involved, and it was properly refused. This criticism is also applicable to defendants' charge 2.

[2-4] Charges 4 and 6, whether correct or not, were fully covered by defendants' given charges, as well as the oral charge of the court, and which were most favorable to the defendant. Moreover, charge 6 was bad in instructing for the defendant if the original arrest was made in good faith, and unless Simpson had no reasonable cause to believe that the plaintiff was the man wanted in Chambers county. All of this may have been true when the arrest was made, but there was evidence from which the jury could infer that Simpson discovered the fact that the plaintiff was not the right man upon reaching Birmingham and subsequently took him to Chambers county and placed him in jail, and which could amount to false imprisonment notwithstanding the original arrest may have been made under the circumstances hypothesized in the charge. For like reasons there was no error in refusing the defendants' requested charge 14. Although the defendant Simpson may not have been connected with or responsible for the original arrest in Birmingham if after he got there and discovered that the plaintiff was not the man wanted, a fact which could be inferred by the jury, he had no right to take him to Chambers county and place him in jail and which would be a false imprisonment covered by the complaint.

[5] Under the often cited case of Cobb v.

Malone, 92 Ala. 630, 9 So. 738, we cannot put the trial court in error for refusing the motion for a new trial. Indeed, if any error was committed upon the trial of this case, it was in the interpretation of the law as to the right to arrest the wrong person too favorably to the defendant. The defendant Simpson went to Birmingham armed with a warrant and it was his right to arrest only the man called for in said warrant and, if he made a mistake, though in good faith, he was liable though the good faith would go in mitigation of the damages. Sugg v. Pool, 2 Stew. & P. 196; 5 C. J. 394; 25 C. J. 490; Blocker v. Clark, 126 Ga. 484, 54 S. E. 1022, 7 L. R. A. (N. S.) 268, 8 Ann. Cas. 31, and note on page 34.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.