<hr />

(113 So. 49)

HILL, et al. v. WYROSDICK.    (6 Div. 873.)

Supreme Court of Alabama.    May 19, 1927.

1. **False imprisonment ☞8—Plaintiff held entitled to affirmative charge, where arresting officer unduly detained him as fugitive felon without taking him before magistrate.**

In action against deputy sheriff for false imprisonment, plaintiff *held* entitled to affirmative charge, where defendant arrested plaintiff as fugitive felon without warrant and detained him in jail for about 64½ hours until arrival of officer from another state disclosed that plaintiff was not fugitive wanted, without taking plaintiff before magistrate for examination, though plaintiff's foreman, associates, and mother informed defendant of facts.

2. **Appeal and error ☞1068(5)—Amount of verdict held to negative any injury from refusal to charge that whole testimony of witness testifying falsely to material fact may be disregarded.**

In action against deputy sheriff for false imprisonment by retaining plaintiff in jail for about 64½ hours, verdict for plaintiff of $375 damages *held* to negative any injury from trial court's failure to charge that if testimony of a witness to a material fact is willfully false, jury in its discretion may disregard whole of his testimony.

3. **Arrest ☞63(4)—Reasonable belief authorizing arrest without warrant must be on probable cause and not mere suspicion.**

The reasonable belief which authorizes an arrest by an officer without a warrant must not be grounded on mere suspicion, but on information giving probable cause to believe.

4. **False imprisonment ☞20(2)—Arresting officer's plea that he did honestly and reasonably "suspect and believe" plaintiff to be fugitive felon held demurrable.**

In action against deputy sheriff for false imprisonment, defendant's plea that he arrested plaintiff on reasonable suspicion for investigation to determine whether plaintiff answered description and photograph of a fugitive felon, and that he had reasonable grounds to "suspect and believe," and did honestly and reasonably "suspect and believe," that plaintiff was said felon, *held* demurrable; to "suspect and believe" not being legal equivalent of belief on probable cause.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suspect.]

5. **False imprisonment ☞20(3)—Evidence of lawful arrest for probable cause was admissible under general issue, where complaint charged unlawful imprisonment.**

Where complaint charged unlawful imprisonment by public officer, evidence of lawful arrest for probable cause was admissible under the general issue.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action for damages for false imprisonment by D. Arthur Wyrosdick against Henry S. Hill and the Union Indemnity Company. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Defendants' plea 2 is as follows:

"For further special plea and answer to each count of the complaint as amended separately and severally, the defendant says that the defendant was a duly appointed and qualified deputy sheriff of and for Jefferson county, Ala., on the occasion complained of, and was then and there acting in the line and scope of his duties and office of deputy sheriff, and as such did arrest the plaintiff on reasonable suspicion and for investigation in order to determine if the plaintiff, who in the reasonable and honest judgment of defendant answered the description of one Kinnie Wagner who was wanted in Greene county, Miss., on a charge of murder and in Sullivan county, Tenn., on a charge of murder, was in fact Kinnie Wagner. And defendant further alleges that at the time he made such arrest he had photographs of and descriptions of said Kinnie Wagner, and that at the time thereof the plaintiff answered and met that description, and defendant did have reasonable grounds to suspect and believe and did honestly and reasonably suspect and believe that the plaintiff was said Kinnie Wagner, and did act honestly and prudently in applying said description to plaintiff after honestly and reasonably investigating and comparing the looks and appearance of the plaintiff with the description of said Kinnie Wagner, and defendant therefore says that plaintiff is not entitled to recover in this action."

Harris & Woodall and F. D. McArthur, all of Birmingham, for appellant Hill.

It was error to refuse defendants' requested charge 4. A. G. S. v. Frazier, 93 Ala. 45, 9 So. 303, 30 Am. St. Rep. 28; Childs v. State, 76 Ala. 93; Jordan v. State, 81 Ala. 20, 1 So. 577; Lowe v. State, 88 Ala. 8, 7 So. 97; Burton v. State, 115 Ala. 1, 22 So. 585; McClellan v. State, 117 Ala. 140, 23 So. 653. Plea 2 was a good defense to this action. 25 C. J. 491, 494; Filer v. Smith, 96 Mich. 347, 55 N. W. 999, 35 Am. St. Rep. 603; White v. Jansen, 81 Wash. 435, 142 P. 1140; Blocker v. Clark, 126 Ga. 484, 54 S. E. 1022, 7 L. R. A. (N. S.) 268, 8 Ann. Cas. 31; Kittredge v. Frothingham, 114 Me. 537, 96 A. 1063; Wolf v. Perryman, 82 Tex. 112, 17 S. W. 772; Anderson v. Johnston, 10 Sask. L. 352.

Harsh & Harsh, of Birmingham, for appellee.

Where the general affirmative charge for plaintiff is properly given, defendant cannot complain of the refusal of special charge. Chandler v. Pope, 205 Ala. 49, 87 So. 539; West. Union v. Whitson, 145 Ala. 426, 41 So. 405; Merriweather v. Sayre M. Co., 182 Ala. 665, 62 So. 70. Reasonable suspicion of guilt is not the legal equivalent of a reasonable cause to believe. There was no error in sustaining demurrer to plea 2. Cunningham v. Baker, 104 Ala. 160, 16 So. 68, 53 Am. St. Rep. 27; Sugg v. Pool, 2 Stew. & P. 196; See Filer v. Smith, 96 Mich. 347, 55 N. W. 999, 35 Am. St. Rep. 603. Failure to take a person arrested without warrant before a committing magistrate without unnecessary delay may constitute wrongful imprisonment. Hayes v. Mitchell, 80 Ala. 183. The matter set up in plea 2 was available under the general issue. Quisenberry v. Grant, 20 Ala. App. 576, 104 So. 284; Huckaby v. McConnon & Co., 213 Ala. 631, 105 So. 886.

BOULDIN, J. The complaint, so far as now material, was substantially in Code form for false imprisonment; the charge being that defendant Henry S. Hill, a deputy sheriff, acting under color of his office, "wrongfully arrested and imprisoned the plaintiff." The surety on his official bond was also sued, but a brief is presented on behalf of the appellant Hill only.

The refusal of charge No. 4, requested in writing by defendant, is first argued and insisted upon in brief as reversible error. The rule therein asserted, viz., that if the testimony of a witness to a material fact is willfully false, the jury, in its discretion, may disregard the whole of his testimony, is well known and often recognized as properly given in charge to the jury. It is a guide to the jury in weighing the evidence—rests on the principle that where a witness gives perjured testimony, all his evidence may be wanting in that moral force upon which judicial findings must stand.

Passing over some criticisms of form and generality of the charge as framed, we prefer to deal with the more material inquiry whether its refusal was error to reverse in the particular case.

The court gave the affirmative charge, with hypothesis, for plaintiff. This ruling is not questioned upon this appeal.

[1] Without dispute the officer, having his attention called to a newspaper article announcing large rewards for the capture of one Kinnie Wagner, a desperate gunman who had escaped jail at Blountsville, Tenn., some three months before, giving also a photograph and descriptive matter, and having a suggestion that this plaintiff met the description, sought an interview with him, at his place of work, in Birmingham, presently arrested him without warrant, carried him to jail, and detained him from about 4 p. m. Thursday until 8:35 a. m. Sunday, when he was discharged as the wrong man. The prisoner was carried before no magistrate for examination, no warrant sworn out, and no reason given for such failure.

Evidence for plaintiff, not controverted, went to show that he had resided in Birmingham for more than a year; had engaged in work as a steam fitter; that his foreman was present when arrested; that associates called on the officer and informed him of the facts, giving details of employment; that plaintiff's mother had an interview to like effect. Notwithstanding the information given and the ready means of investigation at hand, the officer detained plaintiff in jail until the arrival of an officer from another state, who disclosed that plaintiff was not Wagner.

Conceding, without deciding, that an officer may arrest a fugitive felon from another state without warrant, that photographic and descriptive matter may afford sufficient evidence of identification, and that an officer is not responsible for mistaken identity if acting prudently upon probable cause thus shown, we think the admitted facts show defendant was disregardful of duty in such case, and plaintiff was due the affirmative charge. The jury was called upon merely to weigh the evidence for plaintiff in fixing the amount of damages.

There was no claim of abuse or maltreatment of the prisoner, no impeachment of any witness by contradictory statements, nor question of character. There was conflict between the testimony of plaintiff and defendant as to whether the latter laughed when he admitted the joke was on him and released plaintiff, and laughed when plaintiff asked him if he did not think something was due plaintiff.

[2] Under the whole evidence we think the verdict, $375, negatives any injury from failure to give the written charge mentioned, but shows the jury quite considerate of the defendant.

[3, 4] Plea No. 2 was subject to demurrer. To "suspect and believe" is not the legal

equivalent of belief upon probable cause. The reasonable belief which authorizes an arrest without a warrant must not be grounded upon mere suspicion, but upon information giving probable cause to believe. The citizen's liberty must not depend upon good faith merely, but upon legal rules governing official action.

[5] The complaint charging in effect that the imprisonment was unlawful and by a public officer, evidence of a lawful arrest for probable cause was admissible under the general issue, and all the circumstances were freely admitted thereunder. Strain v. Irwin, 195 Ala. 414, 70 So. 734.

Whether under our statutes an officer may arrest a fugitive felon without warrant, not being necessary to a decision here, we leave an open question, as was done in 'Cunningham v. Baker, 104 Ala. 160, 16 So. 68, 53 Am. St. Rep. 27.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.