### KING et al. v. ROBERTSON.

### 6 Div. 212.

Supreme Court of Alabama.

Oct. 12, 1933.

Ewing, Trawick & Clark, of Birmingham, and Wright, Warren & Searcy, of Tuscaloosa, for appellee.

Foster, Rice & Foster, of Tuscaloosa, and Harsh, Harsh & Hare, of Birmingham, for appellants.

KNIGHT, Justice.

The action is against the sheriff and the surety on his official bond, and it is for false imprisonment. The complaint is substantially in Code form (Code 1923, § 9531, form 19), and alleged that the arrest and imprisonment were unlawful. The plaintiff thereby anticipated the defense of justification and unnecessarily assumed the negative burden of proof. Strain v. Irwin, 195 Ala. 414, 70 So.

734; Hill v. Wyrosdick, 216 Ala. 235, 113 So. 49.

The proof showed that the deputies of the defendant sheriff arrested the plaintiff on two warrants issued by a justice of the peace. They directed the arrest of Austin Robertson. One was for reckless driving, a misdemeanor, and the other for not stopping after an automobile accident and making himself known, a felony. Gen. Acts 1927, pp. 376, 377, § 76 (c); section 3874, Code.

In both of the warrants, after the name, Austin Robertson, was stated, the justice, apparently by way of description, added the abbreviation "(Col.)." On the back of one of them the statement is that defendant lives in Tuscaloosa; Tag No. 222420 A. The other did not have such indorsement. They were returnable to the inferior court of Tuscaloosa, and it was necessary to have the approval of the solicitor before they were executed. They came to the solicitor before they did to the sheriff and his deputies, and he either blotted out or marked through the abbreviation "(Col.)" where it appeared on them, and in that form they went to the deputies for execution. There was no colored man by that name known to them, or who is shown to have resided in Tuscaloosa. Plaintiff was the only one by that name shown to have resided there or known to any of the officers. The automobile tag number mentioned was issued to him, and there was no record of a transfer. There had been an accident in which a negro man was injured and died. The affidavits were sworn to by his widow, who stated to the officer issuing the warrant that she was not there when the accident occurred, but that "they said it was a colored fellow, * * * that there was a colored man and a boy in the car," but the tag had the number stated on the warrant. It had been found that such a tag was issued to plaintiff. Plaintiff had sold the car and tag with it, and was not in it at the time of the collision.

The contention by plaintiff was that the warrant did not authorize his arrest, for it was against a colored man, and that it was void because of the alteration, and that it was no justification for his arrest and imprisonment.

■ There is nothing lacking in the validity of the warrants to justify their execution, unless rendered void by the alteration. An alteration of an information or its spoliation after it has been issued by one without authority of law does not ordinarily affect its validity in the form as it appeared without the alteration, Bradford v. State, 54 Ala. 230; Code, § 4553, if it is legible in such original form, 31 Corpus Juris, 655, and was not thus altered by him who justifies under it. Code, § 7717. When the warrant reached the deputies for execution, it appeared to be for the arrest of Austin Robertson, to whom the tag was issued, whether white or colored, though it also appeared to have the "(Col.)" blotted out or marked through. When a writ is not void on its face, and issued in the ordinary course from a person having jurisdiction in the premises, the sheriff is not required to look beyond the writ to inquire as to its regularity. Ferguson v. Starkey, 192 Ala. 471, 68 So. 348; Brown v. State, 109 Ala. 70, 20 So. 103; Tennessee C., I. & R. R. Co. v. Butler, 187 Ala. 51, 65 So. 804; Emerson v. Lowe Mfg. Co., 159 Ala. 350, 49 So. 69; Leib v. Shelby Iron Co., 97 Ala. 626, 12 So. 67; Spear v. State, 120 Ala. 351, 25 So. 46; Phillips v. Morrow, 213 Ala. 139, 104 So. 260, 40 A. L. R. 285. The warrant was not void upon its face because of the blotting out or erasure of the added abbreviation "(Col.)," following the name "Austin Robertson." There was nothing in its appearance that did not indicate that it was exactly as it appeared when issued. It had no suspicious appearance, and therefore there was nothing to suggest to the sheriff that inquiry should be made to ascertain whether an alteration had been made in the warrant after its issuance. The warrant was "fair on its face," and contained nothing to notify or fairly apprise the officers that it had been altered after its issuance.

When one offers an instrument which has an alteration which is of material advantage to him, the burden is on him to explain such alteration. Whitewater Lumber Co. v. Langford, 216 Ala. 510, 113 So. 525; Chitwood v. Blackwood, 220 Ala. 75, 124 So. 110; section 7717, Code; Ahlrichs v. Rollo, 200 Ala. 271, 76 So. 37.

But the evidence without dispute shows that neither the sheriff nor his deputies marked out the "(Col.)," and shows that it was done by the solicitor before it came to them. There was nothing in that circumstance nor any other which rendered it void on its face. The arrest of the one named and intended to be arrested in the warrant was therefore justified. T. C. I. & R. R. Co. v. Butler, supra; Emerson v. Lowe Mfg. Co., supra; Leib v. Shelby Iron Co., supra.

■ We may add, however, that if a warrant does not justify its execution, it may nevertheless be sufficient as a reasonable cause to believe that the person arrested has committed a felony when it charges him with a felony, though it may afterwards appear that he had not done so. Section 3263, Code; Ex parte Smotherman, 140 Ala. 168, 171, 37 So. 376; Sanders v. Davis, 153 Ala. 375, 382, 44 So. 979.

■ We doubt not that if there are two men of the same name stated in the warrant and the officer arrests one who he knows is not the one intended, or he does not in good faith believe him to be so, the warrant would not be a justification. But if he in good faith ar-

rests one of two men having the same name stated in the warrant, believing him to be the one intended, he would be justified. 11 R. C. L. 799, 800; 25 Corpus Juris, 490; Spear v. State, supra. And the justification would be all the more apparent if there were only one by that name known to the officers or shown to exist. 2 R. C. L. 486. In Simpson v. Boyd, 212 Ala. 14, 101 So. 664, there was no warrant charging Boyd with the offense.

■■ The evidence was without dispute or conflicting inference that plaintiff was the person named in the warrant as it appeared when received and executed by the deputies. While some of it was in conflict as to the nature of the erasure of "(Col.)," whether then merely marked out with pen and ink line or blotted out as it now appears, in either event it indicated an erasure, so as to impress the officer that the defendant was not colored. On the other hand, it described him as having a certain tag number, which was in fact issued to plaintiff. All this showed that plaintiff was the person intended by the warrant to be arrested, as no one else is shown to have the same name, or other features of the description.

As we have said, if the warrant is valid, on its face, issued by one with authority, and plaintiff is the person intended to be the defendant, and he is named in the warrant, his arrest is the duty of the sheriff, and his deputies, regardless of his guilt, or whether the officer believes him guilty. Under such circumstances his arrest is justified.

We have pointed out that the burden of proof was upon plaintiff to show that his arrest was unlawful. This may include the failure to bring the offender before an officer for trial, unless the unreasonable hour or inaccessibility of the officer or other cause prevents. Hayes v. Mitchell, 69 Ala. 452; Hill v. Wyrosdick, 216 Ala. 235, 113 So. 49. But there was no affirmative obligation on the sheriff to conduct him in search of sureties. Ahlrichs v. Rollo, 200 Ala. 271, 76 So. 37; 25 Corpus Juris, 495.

The arrest was made after midnight, and there was then no duty to carry him to an officer for trial or bail. In fact, the warrants had an indorsement prescribing the amount of bail. The sheriff owed him no duty to seek sureties for him. He was released next morning at a reasonable hour. Neither in effecting his arrest nor in incarcerating him has the plaintiff shown that the deputies acted unlawfully, nor can such an inference be reasonably drawn from it. Defendants were therefore due the affirmative charge. Other questions need not be treated.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.