Burdick C. Speers was convicted of driving while under the influence of alcohol in violation of Ala. Code 1975, §32-5A-191, fined $250, and ordered to attend a DUI court referral program. He raises three issues on this appeal from that conviction.
 I
Speers claims that the Uniform Traffic Ticket and Complaint under which he was charged is void because it is vague and because it "appears" to charge violations of both subsections (a)(1) and (a)(2) of § 32-5A-191.
The record shows that the UTTC charged a "violation of T 32-State Code." That portion of the UTTC entitled "Description of Offense," indicated that Speers "did drive or be in actual physical control of a vehicle while: There was .10% or more by weight of alcohol in his blood. BAC .17 [and] under the influence of alcohol." Clearly, the UTTC charged violations of both subsections (a)(1) and (a)(2) of § 32-5A-191.
In district court, Speers was found "guilty as charged." On appeal to the circuit court, the district attorney's complaint only charged Speers with violating subsection (a)(2) of §32-5A-191. Speers did not attack the sufficiency of the complaint in the circuit court and cannot now be heard to complain. City of Dothan v. Holloway, 501 So.2d 1136
(Ala. 1986); Rule 16.2, A.R.Cr.P.Temp.
 II
Alabama State Trooper Mike Bankhead attempted to stop Speers for driving a pickup truck without tail lights. Speers ignored the blue light and siren and refused to stop until he arrived at his residence. There, the trooper observed that Speers was intoxicated and informed him that he was under arrest for DUI. Speers' wife and his dog came to his defense. Reluctant to use physical force against either, the trooper radioed for support. Speers went inside his residence where he remained for about five minutes. The trooper managed to convince Mrs. Speers to get her husband, who surrendered and was arrested.
Speers claims that the test results of the Intoxilyzer 500 were inadmissible because he was out of the officer's presence for five minutes while he was inside his house.
Procedurally, Speers has not preserved this issue. When the State initially attempted to introduce the test results, Speers "object[ed] until proper predicate is laid." Then, when the State offered the test results, Speers announced he had no objection.
Whether Speers had access to alcohol while out of the trooper's presence was a question for the jury. Because the jury must decide the factual questions of whether the defendant was intoxicated and, if so, whether the intoxication was the result of alcohol consumption prior to or after the *Page 249 
commission of an offense, "the requirement that the State show that the defendant did not have access to, or consume, alcoholic beverages after the accident is now removed."Bickerstaff v. State, 516 So.2d 800, 801 (Ala. 1987).
 III
Speers argues that his conviction should be reversed because he was not taken before a magistrate after his arrest, as required by Ala. Code 1975, § 32-1-4(b).
Section 32-1-4 is entitled "Appearance upon arrest for misdemeanor" and provides:
 "(a) Whenever any person is arrested for a violation of any provisions of this title punishable as a misdemeanor, the arresting officer shall, unless otherwise provided in this section, take the name and address of such person and the license number of his motor vehicle and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice, and such person shall, if he so desire, have a right to an immediate hearing or a hearing within 24 hours at a convenient hour and such hearing to be before a magistrate within the county or city where such offense was committed. Such officer shall thereupon and upon the giving by such person of a sufficient written bond, approved by the arresting officer, to appear at such time and place, forthwith release him from custody.
 "Any person refusing to give such bond to appear shall be taken immediately by the arresting officer before the nearest or most accessible magistrate.
 "Any person who willfully violates his written bond to appear, given in accordance with this section, shall be guilty of a misdemeanor regardless of the disposition of the charge upon which he was originally arrested.
 "(b) The provisions of this section shall not apply to any person arrested and charged with an offense causing or contributing to an accident resulting in injury or death to any person nor to any person charged with driving while under the influence of intoxicating liquor or of narcotic or other drugs nor to any person whom the arresting officer shall have good cause to believe has committed any felony, and the arresting officer shall take such person forthwith before the nearest or most accessible magistrate.
 "(c) Any officer violating any of the provisions of this section shall be guilty of misconduct in office and shall be subject to removal from office." (Emphasis added.)
Subsection (a) provides, in effect, that a person arrested for a misdemeanor traffic violation is not subject to further detention for that offense once the arresting officer has obtained the necessary information and the motorist has signed the UTTC indicating his willingness to appear in court at the appointed time. Vickers v. State [Ms. 87-1436, February 17, 1989] (Ala. 1989); Pittman v. State, 541 So.2d 583
(Ala.Cr.App. 1989); Daniels v. State, 416 So.2d 760, 764-65
(Ala.Cr.App. 1982). See also Hays v. City of Jacksonville,518 So.2d 892 (Ala.Cr.App. 1987); Sheffield v. State, 522 So.2d 4
(Ala.Cr.App. 1987); Morton v. State, 452 So.2d 1361
(Ala.Cr.App. 1984).
Subsection (b) of § 32-1-4 requires that as to the misdemeanor offenses listed in the subsection, "the officer should not admit to bail, but at once carry the offender before the magistrate." Pharr v. Whittle, 237 Ala. 124, 126,185 So. 895 (1939).
 "The person lawfully arrested and taken into custody must be allowed the opportunity to make bail and be released to await trial as soon as possible under § 32-1-4(b). According to the Attorney General's Office, the opportunity to make bail is the sole purpose of the requirement that the arresting officer 'take such person forthwith before the nearest or most accessible magistrate.' Attorney General's Opinion No. 87-29 issued to Hon. Allen Tapley, October 29, 1986. This opinion is based on Rule 18 of the Rules of Judicial Administration which provides for the powers of magistrates in district and municipal courts. Section II(B)(2)(b) limits the role of a magistrate *Page 250 
acting under Ala. Code § 32-1-4(b) to '. . . Granting a bail under the direction of the court in minor misdemeanor prosecutions . . .' according to the Attorney General's Opinion.
 "It is important to note that the judge may not set a minimum bond schedule which may be observed by the sheriff or other law enforcement officers for purposes of releasing persons charged with driving under the influence. The sheriff has no authority to release a person charged with driving under the influence without first going before a magistrate. Presumably this rule covers municipal police officers as well. Thus, if a police officer makes a DUI arrest at the scene and a subsequent chemical test indicates that the accused was not, in fact, intoxicated, the accused must be kept in custody until bail is set by a magistrate. The same Attorney General's Opinion cited above states that 'a person arrested for DUI must be taken before a magistrate as soon as circumstances permit, without unnecessary delay. Therefore, it is the opinion of this office that an arrestee for DUI must be taken before a magistrate "forthwith" even if his blood alcohol content is less than the percent specified in Code of Alabama 1975, § 32-5A-191(g).'
 "Clearly, the implication is that 'forthwith' means as soon as possible." T. Bishop, Alabama's Non-Custodial Arrest Rule, 45 Alabama Municipal Journal 4, 18 (1987).
To the same effect, see also: Municipal Judges Manual, State of Alabama, Unified Judicial System, Administrative Office of Courts, "Bail, Bonds and Bond Forfeitures" p. 4 (1985); AlabamaMunicipal Judges Manual, T. Bishop and the Municipal Court Operations Division, Administrative Office of Courts (1987) at p. 130-31.
The objection raising the issue of non-compliance with §32-1-4(b) was made by defense counsel in a "motion to exclude the evidence" after the State had rested its case in the circuit court. We find no record of this objection having been made in the district court.
Rule 16.2(a), A.R.Cr.P.Temp., provides: "Objections based on defects in the commencement of the proceeding . . ., other than lack of subject matter jurisdiction . . ., may be raised only by pre-trial motion made in accordance with Temporary Rule 16.3." Failure to present such an objection constitutes a waiver thereof. Rule 16.2(c), A.R.Cr.P.Temp. Here, the recitals on the UTTC and the notice of appeal were sufficient to give the circuit court subject matter jurisdiction of the cause. SeeVizzina v. City of Birmingham, 533 So.2d 652, 654
(Ala.Cr.App. 1987), affirmed, Ex parte Vizzina, 533 So.2d 658
(Ala. 1988). Since this was a matter of personal jurisdiction, the objection was untimely in the circuit court.
By failing to object to this matter in the district court, the defendant has waived the defect. Holloway, 501 So.2d at 1137 ("[T]he failure to have the ticket verified is a defect that could be waived by the defendant by proceeding to trial in the district or municipal court without objecting to the defect at that time.").
Furthermore, the remedy for illegal pretrial detention, other than pretrial release, may be the suppression of any evidence obtained as a result of that illegal detention — not the dismissal of the charge against the accused. Ex parte Meeks,434 So.2d 844, 846 (Ala. 1983) ("The exclusionary sanction clearly applies to confessions or statements of the accused obtained during an illegal arrest and conviction."); Hammond v.State, 497 So.2d 558, 565 (Ala.Cr.App. 1986) ("[W]e follow the majority view and hold that a delay in presenting one arrested without a warrant to a judge for a probable cause hearing is one circumstance to be considered in determining the voluntariness of a statement given during the delay."). "It is well-settled that an illegal arrest or detention does not void a subsequent detention." Raughley v. State, 398 So.2d 414, 415
(Ala.Cr.App. 1981). See also Holt v. City of Richmond, 204 Va. 364, 131 S.E.2d 394, 397 (1963), cert. denied, 376 U.S. 917,84 S.Ct. 672, 11 L.Ed.2d 613 (1964), holding that the illegal detention of the motorist without bringing him before a magistrate with reasonable *Page 251 
promptness and without unnecessary delay should not prevent enforcement of penal laws, unless it is made reasonably clear that such detention invaded the constitutional rights of the motorist and deprived him of evidence material to his defense which he would otherwise have obtained.
The present § 32-1-4 first appeared as § 104 of the Alabama Highway Code, effective August 23, 1927. 1927 Ala. Acts 348, No. 347, at 389 § 104 (August 23, 1927). It has remained essentially unchanged since that time. In 1949, the section was amended by the deletion of reckless driving from what is now subsection (b). 1949 Ala. Acts 754, No. 517, at 771, § 52 (August 30, 1949).
Alabama Code 1975, § 32-5A-191(g), provides: "A person who has been arrested for violating the provisions of this section [DUI] shall not be released from jail under bond or otherwise, until there is less than the same percent by weight of alcohol in his blood as specified in subsection (a)(1) hereof [.10%]." This subsection had no counterpart in prior Alabama law and became effective July 29, 1983. 1983 Ala. Acts 959, No. 83-620, at 963 (July 29, 1983). Section 7 of Act No. 83-620 at p. 964 provides: "The provisions of this act are supplemental to other laws not inconsistent with this act, and such other laws shall not be deemed to be repealed by this act."
"[S]tatutes are, where possible, construed in harmony with statutes existing at the time of enactment, so that each is afforded a field of operation." Sullivan v. State ex rel.Attorney General of Alabama, 472 So.2d 970, 973 (Ala. 1985). "[A]ll statutes relating to the same subject or having the same general purpose [should] be read together to constitute one law." Florence v. Williams, 439 So.2d 83, 87 (Ala. 1983). When §32-5A-191(g) and § 32-1-4 are read together, the result is that a person arrested for DUI should be held in jail until his blood-alcohol level is less than .10%. At that time, he should be taken "forthwith before the nearest or most accessible magistrate" for the setting of bond. See King v. Robertson,227 Ala. 378, 381, 150 So. 154 (1933), holding that a defendant may be locked up for the night and taken before the magistrate at a reasonable hour in the morning when the arrest is at night and the normal facilities for obtaining bail are not available.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 741