Allan Turner Lawrence, the appellant, was convicted of driving under the influence of alcohol. His sentence of 48 hours in jail was suspended. He was fined $250 and was placed on 12 months' unsupervised probation. He raises two issues on this appeal from that conviction.
 I.
The appellant argues that his motion to dismiss, which was made immediately prior to trial, was due to be granted because the Uniform Traffic Ticket and Complaint (UTTC) was not timely verified.
The UTTC was written at 1:25 on the morning of May 19, 1991. It was verified on May 23, 1991. The issuing officer testified that at the time he issued the ticket he *Page 195 
was working the midnight shift and that he was off from work for one or two days after that.
Rule 19, Alabama Rules of Judicial Administration, "establishes administrative procedures for the accountability, use, and summary disposition of the uniform traffic ticket and complaint (UTTC) for all nonfelony traffic infractions prosecuted in the courts of this state." Comment to Rule 19. Rule 19(A)(5)(a) provides:
"(5) ACCOUNTABILITY FOR TICKETS.
 "(a) Law Enforcement Agencies. Each law enforcement agency shall be responsible for the proper accounting and use of all uniform traffic tickets and complaints stocked by that agency. Each law enforcement officer issuing a traffic ticket shall complete and sign the ticket, serve a copy of the completed ticket upon the defendant and, without unnecessary delay, normally within 48 hours, acknowledge under oath the facts alleged therein before the court or magistrate and file the court copies of the uniform traffic ticket and complaint with the court." (Emphasis added.)
The appellant argues that the intent of Rule 19 is "to implement and/or complement § 32-1-4(b), Code of Alabama." Appellant's brief at 5. Section 32-1-4(b) provides:
 "The provisions of this section [providing that a custodial arrest is not authorized for a traffic offense] shall not apply to any person arrested and charged with an offense causing or contributing to an accident resulting in injury or death to any person nor to any person charged with driving while under the influence of intoxicating liquor or of a narcotic or other drugs nor to any person whom the arresting officer shall have good cause to believe has committed any felony, and the arresting officer shall take such person forthwith before the nearest or most accessible magistrate." (Emphasis added.)
"[A] person arrested for DUI should be held in jail until his blood-alcohol level is less than .10%. At that time, he should be taken 'forthwith before the nearest or most accessible magistrate' for the setting of bond." Speers v. State,545 So.2d 247, 251 (Ala.Cr.App. 1989). However, the appellant did not raise this particular issue below as his objection there was based only on the untimely verification. Consequently, the argument that he was not promptly taken before a magistrate for the setting of bond was waived. Speers, 545 So.2d at 250. See also Kirkland v. State, 562 So.2d 634, 636 (Ala.Cr.App. 1989). Furthermore, it appears that the appellant was released on his own recognizance after having been treated at the hospital. See CR. 1. The arresting officer testified that the appellant was not incarcerated "due to his injuries." R. 35.
Rule 19(A)(5)(a) is a rule for accountability for each ticket issued to a law enforcement agency. It does not give the defendant a substantive right to have the UTTC verified within 48 hours.
 "Because of the strict requirements of the law for accountability for each ticket issued to a law enforcement agency,[16] there is little chance that an accused will not know what he or she is charged with and the name of the complaining law enforcement officer, because the 'traffic citation' is given to the motorist at the time of the arrest by the law enforcement officer making the arrest.
Brown v. State, 565 So.2d 585, 599, n. 16 (Ala. 1990) (Maddox, J., dissenting) (emphasis in original).
We hold that the 48-hour requirement of Rule 19(A)(5)(a) is a ministerial or administrative act designed to ensure the accountability of each UTTC issued to a law enforcement agency. Cf. Donovan v. State, 359 So.2d 1181, 1183-84 (Ala.Cr.App. 1978) (the failure to timely return a properly executed search warrant does not invalidate the search and seizure). Therefore, in the absence of some showing of prejudice, *Page 196 
a defendant has no ground of complaint because the UTTC was untimely verified under Rule 19.
 II.
The appellant's contention that the prosecution failed to prove that he was under the influence of alcohol to the extent that it affected his ability to operate his vehicle in a safe manner is totally without merit.
The evidence shows that the appellant drove his pickup truck into the rear of a "25-foot van, box trailer truck, semi-trailer" (R. 9) being towed by a wrecker on Interstate I-10. The appellant's truck became airborne, the front of the truck was "totally demolished," and the right side was "totally smashed into the seat." R. 13. The appellant was injured.
At the scene of the collision, the appellant admitted driving the pickup truck and stated that he had had "two to three beers, maybe four." R. 24. The arresting officer testified that he smelled alcohol on the appellant's person and that the appellant appeared to be under the influence.
When considered with the undisputed fact that the appellant had been drinking, this Court totally agrees with the trial judge's statement that the fact that an accident occurred while the appellant was driving the vehicle is an "indication that he could not safely operate his motor vehicle." R. 41. SeeHanners v. State, 461 So.2d 43, 46 (Ala.Cr.App. 1984) ("there was not only evidence that the defendant had been drinking, but evidence of the manner in which he was driving") (Bowen, J., concurring) (emphasis in original).
Where an accident occurs and it is shown that the driver has been drinking, it becomes a question for the trier of fact to determine from all the circumstances surrounding the incident, whether or not the defendant was under the influence of alcohol to a degree which rendered the driver incapable of safely driving. See Hanners, 461 So.2d at 44 (quoting Broxton v.State, 27 Ala. App. 298, 300, 171 So. 390, 392 (1936): "[W]hen, therefore, an accident occurs on a public road in which a person is killed by being run over by an automobile, and it is shown that the driver has been drinking, it becomes a question for the jury to say, from all the facts and circumstances surrounding the homicide, whether or not the driver at the time of the accident was under the influence of liquor, and, if so, was that condition the proximate cause of the homicide"). A conviction for driving under the influence may be based on circumstantial evidence. Moon v. City of Montgomery,536 So.2d 139, 141 (Ala.Cr.App. 1988). See also Bickerstaff v. State,516 So.2d 800 (Ala. 1987). The fact that the appellant did not "cause" the collision in this case would not necessarily exonorate him from the charged offense. "The negligence of [the other driver] has nothing to do with the question of defendant's intoxication; nor would defendant be necessarily innocent if he were free from negligence in driving the car."Holley v. State, 25 Ala. App. 260, 261, 144 So. 535, 537, cert. denied, 225 Ala. 597, 144 So. 537 (1932). Whether the appellant's condition after the accident resulted from intoxication or from being stunned by the accident was a question for the jury. Davis v. State, 27 Ala. App. 551, 553,176 So. 379, 381, cert. denied, 234 Ala. 625, 176 So. 382
(1937).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[16] "To prevent the improper issuance of traffic tickets, and to prevent a law enforcement officer or other person from tearing up a ticket, there are strict accountability requirements in the statutes and in Rule 19 for each and every Uniform Traffic Ticket and Complaint 'issued to law enforcement officers.' See § 12-12-54 and Rule 19(a)(5) [now Rule 19(A)(5)(a)]."