Michael Monroe Medley, the appellant, was convicted of driving under the influence, was fined $1000, and was sentenced to 12 months' imprisonment. He raises four issues on this direct appeal from that conviction.
 I
The appellant contends that the Uniform Traffic Ticket and Complaint (UTTC) did not sufficiently inform him of the offense with which he was charged. The UTTC charged the appellant with a violation of the "State Code T 32 . . . Section 5A-191A1A2." C.R. 1. In the "description of offense" portion of the UTTC, the block next to the statement "There Was .10% or More By Weight of Alcohol in His/Her Blood" had been marked. C.R. 1. The trial court interpreted the UTTC to charge a violation of §32-5A-191(a)(2). The prosecutor elected to proceed under that subsection.
In Sandlin v. State, 575 So.2d 1221, 1222 (Ala.Cr.App. 1990), this Court stated:
 "The UTTC in this case, by reference to the § 32-5A-191(a)(2) and by describing the offense by tracking the language of (a)(1), charged the appellant under both subsections (a)(1) and (a)(2). Thus, in attempting to prove that the appellant was guilty of driving under the influence, the State had the option of proving either that he was 'under the influence of alcohol' or that his blood alcohol content was more than .10 percent. However, prior to trial, the district [attorney] stated that he was proceeding under (a)(2). Under subsection (a)(2),
 " 'the prosecution must prove that the defendant "was under the influence of alcohol [i.e., that he had consumed alcohol] to the extent that it affected his ability to operate his vehicle in a safe manner." [Ex parte] Buckner, 549 So.2d [451, 453 (Ala. 1989)]. Although it *Page 165 
is not required to do so, the prosecution may, in a prosecution under (a)(2) introduce the results of a chemical test for intoxication.'
 "Frazier v. City of Montgomery, 565 So.2d 1255, [1257] (Ala.Crim.App. 1990).
 "Thus, under subsection (a)(2), the appellant may have had to defend against the results of the blood alcohol test if the State had chosen to introduce them into evidence. We fail to see how the appellant can claim that he did not have reasonable notice of the charge against him or that there was a variance between the complaint and the proof at trial. The State established a prima facie case under § 32-5A-191(a)(2), Code of Alabama 1975. See Grimes v. State, 491 So.2d 1053
(Ala.Crim.App. 1986). Therefore, we find no merit in this appeal."
See also Beals v. State, 533 So.2d 717 (Ala.Cr.App. 1988);McLaughlin v. City of Homewood, 548 So.2d 580
(Ala.Cr.App. 1988).
 II III
The appellant contends that the State failed to present a prima facie case, that his motion for a judgment of acquittal should have been granted, and that the evidence does not support the verdict of the jury.
There was evidence that an Alabama state trooper observed the appellant's automobile being driven very slowly, five to ten miles per hour, on Highway 72 near Scottsboro, Alabama. The car rolled to the shoulder of the road and stopped. The trooper saw the appellant driving. The trooper testified that when he stopped to offer assistance, he smelled the odor of alcohol on the appellant's breath and noticed that the appellant's speech was slurred. The appellant was very uncooperative, insisted that he had not been driving, and refused to take any sobriety tests. The trooper testified that in his opinion the appellant was under the influence of alcohol at the time and that his ability to safely operate a motor vehicle was impaired. R. 18.
The State proved that the appellant was in actual physical control of the vehicle under the test set forth in Cagle v.City of Gadsden, 495 So.2d 1144 (Ala. 1986). The State, through the trooper's testimony, presented sufficient evidence that the appellant's degree of intoxication affected his ability to operate a vehicle in a safe manner. See Ex parte Buckner,549 So.2d 451 (Ala. 1989). "A conviction for driving under the influence may be based on circumstantial evidence." Lawrence v.State, 601 So.2d 194, 196 (Ala.Cr.App. 1992).
 IV
The appellant's argument that the trooper did not have probable cause to question him is totally without merit. There was evidence that the appellant was sitting in a parked car on the shoulder of a public road and that the trooper stopped to offer his assistance. The officer merely tapped on the window and requested the appellant to roll down the window. No probable cause or reasonable suspicion was required for this action. Ex parte Betterton, 527 So.2d 747 (Ala. 1988).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.